EX PARTE LESLIE GILLESPIE.

No. 20236. Delivered November 30, 1938.
Rehearing Denied February 8, 1939.

The opinion states the case.

*Taylor, Irwin & Irwin, Ivan Irwin,* and *Wallace B. Moore,* all of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Relator was arrested by the Sheriff of Dallas County under a warrant charging him to be a fugitive from justice from the State of Wyoming, in which State he was charged with the crime of uttering and passing a forged instrument as true and genuine. Upon a hearing before the district court on a writ of habeas corpus he was remanded to the custody of Sheriff Blackburn of Park County, Wyoming, as an agent of the Governor of Wyoming, to be taken there to answer for said offense, hence this appeal.

He first complains because of the fact that the record contains no specific demand from the Governor of Wyoming upon the Governor of this State for the return of relator to such State. We find the following in the record under the Great Seal of the State of Wyoming:

"STATE OF WYOMING
"Executive (Seal) Department
"To all to Whom These Presents shall come: Greeting:

"Whereas, Leslie Gillespie, also known as Leslie Coke Gillespie, one and the same person, stands charged with the crime of forgery in the State of Wyoming, and it has been presented to me that he has fled from the Justice of this State and taken refuge within the State of Texas.

"And Whereas, Agreeably to the Constitution and Laws of the United States and of the State of Wyoming, I have made application to His Excellency the Governor of Texas for the delivery of said Leslie Gillespie, also known as Leslie Coke Gillespie, one and the same person as fugitive from justice.

"Now, Therefore, By the authority vested in me, the Governor of the State of Wyoming, I do by these presents appoint and commission Frank Blackburn Agent on the part of the State of Wyoming, for the purpose of bringing the said Leslie Gillespie, also known as Leslie Coke Gillespie, one and the same person, into this State having jurisdiction of the crime aforesaid, whenever the Governor of the said State of Texas shall

cause him to be delivered up according to the requisition aforesaid.

"These are therefore to request and require all persons to permit the said Frank Blackburn to receive and secure the said Leslie Gillespie, also known as Leslie Coke Gillespie, one and the same person, and bring him unmolested into this State, said agent peaceably and lawfully behaving.

"In Testimony Whereof, I have hereunto set my hand and caused to be affixed the Great Seal of the State of Wyoming at Cheyenne, this 12th day of August A. D. 1938.

"(Seal)          Leslie A. Miller

"By the Governor:       "Governor of Wyoming

"Lester C. Hunt,
"Secretary of State of Wyoming."

Pursuant thereto we find the following under the Great Seal of the State of Texas:

"IN THE NAME AND BY AUTHORITY OF
THE STATE OF TEXAS
Executive Department

"To All and Singular the Sheriffs, Constables, and other Civil Officers of said State:

"Whereas, It has been made known to me by the Governor of the State of Wyoming that Leslie Gillespie, alias Leslie Coke Gillespie stands charged by Complaint before the proper authorities, with the crime of Forgery committed in said State, and that the said defendant ha— taken refuge in the State of Texas, and Whereas, the said Governor, in pursuance of the Constitution and Laws of the United States, has demanded of me that I cause the said fugitive to be arrested and delivered to Frank Blackburn who is as is satisfactorily shown, duly authorized to receive him into custody and convey him back to said State, and Whereas, said demand is accompanied by copy of said Complaint duly certified as authentic by the Governor of said State.

"Now, Therefore, I James V. Allred Governor of Texas, by virtue of the authority vested in me by the Constitution and Laws of this State, and the United States, do issue this my Warrant, commanding all Sheriffs, Constables, and other Civil Officers of this State, to arrest and aid and assist in arresting said fugitive and to deliver him when arrested to the said agent in order that he may be taken back to said State to be dealt with for said crime.

"In Testimony Whereof, I have hereunto signed my name and have caused the Seal of State to be hereon impressed, at Austin, Texas, this 23rd day of August A. D. 1938.

(Seal)                    James V. Allred
                                    Governor.

"By the Governor
        "Edward Clark
                        "Secretary of State."

Relator contends that the above instrument authenticated by the Great Seal of Wyoming is but an appointment of an agent for the purpose of transferring such relator to the State of Wyoming, and is not a *demand* for the arrest, detention and delivery of such prisoner to the authorities of such State, and offers the authority of the case of Ex parte Bergman, 130 S. W. Rep. 175, wherein it is held that such an instrument is but an appointment of an agent for the purpose of returning the fugitive to the demanding state. However we note that the appointment of an agent by the Governor of Wyoming, as above set forth, contains the following: "And Whereas, Agreeably to the Constitution and Laws of the United States and of the State of Wyoming, I have made application to His Excellency the Governor of Texas for the delivery of said Leslie Gillespie, also known as Leslie Coke Gillespie, one and the same person, as fugitive from justice."

We also find in the Executive Warrant from the Governor of this State the following: "* * * Whereas, the said Governor, in pursuance of the Constitution and Laws of the United States, has demanded of me that I cause the said fugitive to be arrested and delivered to Frank Blackburn * * * and Whereas, said demand is accompanied by copy of said Complaint duly certified as authentic by the Governor of said State."

True it is that no further demand is found in the record of this cause, but as said in the Bergman case, supra:

"It will be presumed in an absence of a showing to the contrary that the Governor of this State in issuing his warrant for the arrest of relator acted only upon a proper and legal requisition by the Governor of the State of Louisiana. Hyatt v. People, 188 U. S. 691, 23 Sup. Ct. 456, 47 L. Ed. 657. * * * The recitals in his (the Governor's) warrant of arrest that the demand was accompanied by complaint, by a complaint and information, affidavits, and warrant of arrest are, it seems, conclusive on a writ of habeas corpus when not disputed. Ex parte Lewis, 79 Cal. 95, 21 Pac. 553."

The recently decided Anderson case, 120 S. W. (2d) 259, is not decisive of this case. In that case there was affirmative proof showing that no demand was ever found in the papers or made by the Governor of the demanding state, such a condition being in direct conflict with the U. S. Code R. S. Sec. 5278, the witness therein testifying that he had brought all the original papers issued by the Governor of the demanding state, and they were present in the record before us. These papers did not contain a demand of any kind for the arrest, detention or delivery of such relator. Not so, however, in the instant case. There is no demand in the record, but also no proof that all of such papers issued by the Wyoming Governor are here present in the record. Under the above quotation from the Bergman case there appears the presumption that all proceedings, upon the part of the Governor of Wyoming, are regular in the absence of a showing to the contrary.

Relator complains in his proposition No. 2 as follows: "Where it appears from the face of the requisition papers that a charge of crime was made on 'information and belief' it is not such an 'affidavit' as required by the United States Constitution and the Acts of Congress in interstate rendition proceedings."

There are two affidavits or complaints in the record. One deals with the forgery of a check for $75.00, and the other with the forgery of a check for $100.00. Both of such complaints are sworn to positively, and do not contain any allegation as to information and belief, and we think they sufficiently comply with the law. However there does further appear an affidavit made by the complaining witness Dave Jones relative to the $75.00 check that in itself might be construed as showing that Mr. Jones was forced to rely upon information and belief when it came to proof of the forgery of the name of one Rufus Wilson to the $75.00 check. We note, however, that Mr. Jones in his testimony affidavit does not mention the circumstances relative to the $100.00 check, and that there is a complaint among the papers in the record positively sworn to charging relator with the forgery, etc., of such $100.00 check.

In view of what we have herein said, the judgment of the trial court remanding relator to the custody of the agent for the Governor of Wyoming is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

KRUEGER, JUDGE.—We note that appellant, in his motion for

a rehearing, reurges the same grounds for a reversal of this cause as he did on original submission. The questions thus presented were fully discussed in our original opinion and we see no need of entering upon a further discussion thereof.

Believing that the case was properly disposed of on original submission, the motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has ben examined by the Judges of the Court of Criminal Appeals and approved by the Court.