# MARCH 21, 1945

EX PARTE MARIE GRAVES.

No. 23089. Delivered March 21, 1945.

The opinion states the case.

*M. Neal Smith,* of Longview, for appellant.

*Mike Anglin,* Assistant District Attorney, of Longview, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was charged by complaint with the offense of forgery and the passing of forged instruments in Baton Rouge, Louisiana. The record indicates a large number of forgeries charged against her for the passing of forged instruments on November 11th, 1944. Upon application for her extradition the Governor of Texas ordered the relator delivered to the custody of an agent of the State of Louisiana for the purpose of transferring her to that State. The proceedings before the Governor were not contested. She was then arrested in Gregg County and applied for a writ of habeas corpus seeking her release. Upon a hearing before the District Judge she was remanded to the custody of the officer, in accordance with the Governor's orders.

There were other grounds urged in the hearing before the District Judge than that which we herein discuss. It is unnecessary to consider them in view of our conclusion on the one question.

The first contention made is that there was no regular and sufficient demand made by the Governor of the State of Louisiana to the Governor of Texas for a return of relator to the State of Louisiana. This contention will be sustained. The instrument relied upon as a demand upon the Governor of Texas is identical with that copied and discussed in Ex parte Bergman, 130 S. W. 174, except that in the instant case the instrument is not addressed to the Governor of Texas or to any other person. We think that the discussion found in Ex parte Anderson, 120 S. W. (2d) 259, and Ex parte Gillespie, 124 S. W. (2d) 151, both of which construe the Bergman case, will adequately express our view on the question. It would not aid the jurisprudence of the State to reiterate the same things heretofore written in these three cases. In reaching a conclusion in the case the distinction

is made only upon the ground that the present record affirmatively shows that there were no other papers presented to the Governor of Texas which might be construed to be a proper demand by the Governor of the State of Louisiana. In the Bergman and Gillespie cases affirmance was based upon the ground that a presumption rested that there were other papers than those introduced into the record. We think it the burden of relator to show that the instrument attacked was the only one relied upon by the Governor of the demanding state. It appears from the record under consideration that this burden was met.

It is, therefore, ordered that the judgment of the trial court be and the same is reversed and the appellant is ordered discharged.