**Ex parte Darrell Ray MEADOR, Appellant.**

**No. 63433.**

Court of Criminal Appeals of Texas, Panel No. 1.

March 26, 1980.

Rehearing Denied May 7, 1980.

Brantley R. Pringle, Fort Worth, for appellant.

Tim Curry, Dist. Atty., William D. Kane, Jr., George B. Mackey, John R. Bankston and James J. Heinemann, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and W. C. DAVIS, JJ.

OPINION

ODOM, Judge.

This is an appeal from an order remanding petitioner to custody for extradition to the State of Arizona.

At the extradition hearing the State introduced in evidence the Governor's Warrant, regular on its face, authorizing extradition of petitioner.

"It is well established that the introduction of the Governor's Warrant, regular on its face, is sufficient to make out a

---

prima facie case authorizing extradition. [citations omitted.] The burden then shifts to the accused to overcome proof of every fact which the Governor was obligated to determine before issuing the extradition warrant. [citations omitted.]" *Ex parte Bunch*, 519 S.W.2d 653, 654.

Appellant contends, and we agree, that the trial court erred in remanding him to Arizona since the State failed to prove that he is the identical person named in the executive warrant of the Governor of Texas.

After the State made out its prima facie case for extradition by introducing the Governor's warrant, petitioner introduced his "Amended Application for Habeas Corpus," which was sworn to before a notary public and which included the following:

"III.

"Petitioner alleges that he is not one and the same person as the Darrell Ray Meador who is currently being sought by the State of Arizona for the alleged offenses of murder, robbery, and theft alleged by the State of Arizona to have been committed on or about May 26, 1979, by one Darrell Ray Meador."

This affidavit by petitioner was sufficient to place identity into issue. *Ex parte Spencer*, 567 S.W.2d 520. The burden was then "upon the demanding state to show that the person taken into custody and held for extradition is the identical person named in the warrant." *Ex parte Spencer*, supra, and cases cited. The State offered no evidence to meet its burden. "The evidence is therefore insufficient to show that the appellant [petitioner] is the same person demanded by the Governor of Arizona and whose extradition is authorized by the Governor's warrant." *Ex parte Spencer*, supra, and cases cited.

The State relies on the proposition that an application for habeas corpus, although sworn to, does not prove itself, and must be supported by evidence, citing, e. g., *Ex parte Ambrose*, 145 Tex.Cr.R. 582, 170 S.W.2d 731. In this case the above quoted affidavit was introduced as evidence at the hearing, and not relied on solely as a sworn pleading. The cases cited by the State do not apply to the facts presented here.

The judgment is reversed and the cause remanded.