**Clayton P. MYER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00352–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 20, 1985.

Rehearing Denied March 11, 1985.

Discretionary Review Refused May 1, 1985.

Thomas G. Sharpe, Jr., Brownsville, for appellant.

Sam Millsap, Jr., Lawrence A. Smith, Criminal Dist. Atty's. Office, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and BUTTS, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a denial of a writ of habeas corpus filed in response to a Governor's Warrant, issued pursuant to article 51.13 of the Texas Code of Criminal Procedure, for the extradition of the appellant to the State of California. The trial court denied the relief and remanded appel-

lant to the custody of the Bexar County Sheriff for delivery to an agent of the State of California. Appellant presents four points of error. We affirm.

■ Appellant's initial contention is that the State of Texas failed to properly prove the existence of the extradition warrant. Specifically, appellant alleges that the records offered through Bexar County Sheriff's Deputy Gene Talbert were not business records of the Sheriff of Bexar County, Texas, and were therefore inadmissible under TEX.REV.CIV.STAT.ANN. art. 3731a (Vernon Supp.1985),[1] because they lacked an authentication from California officials. The State called as its witness Deputy Talbert, who testified that he was the deputy sheriff in charge of extraditions, that he received the California Governor's Warrant, identification materials and supporting affidavits on Clayton P. Myer from Orange County, California, along with the Texas Governor's Warrant in the mail, and that all procedural requirements of his office were properly performed. He identified appellant's photo and his fingerprint card from the packet and identified appellant in the courtroom as the same person in the photograph. The State then introduced the official records. Inasmuch as the documents offered into evidence were original, official writings, we hold they were admissible for proof of the truth of the matters asserted therein. TEX.R. EVID. 902(1). Only when copies are introduced must an authentication of the custodian of the records be included. TEX.R. EVID. 902(4).

■ Appellant further alleges that the affidavits offered in support of the amended California complaint are at variance with said complaint. We hold that the introduction of supporting papers from the Governor of the State of California was unnecessary as the Texas Governor's Warrant established a prima facie case and the State was not required to introduce the supporting papers. *Ex parte Cain,* 592 S.W.2d 359, 362 (Tex.Crim.App.1980) (en banc on rehearing); *Noe v. State,* 646 S.W.2d 595, 598 (Tex.App.—San Antonio), *rev'd on other grounds,* 646 S.W.2d 230 (1983). Appellant's initial contention is overruled.

■ Next, appellant argues that his extradition is improper because the California complaint is invalid. In support of his contention, appellant cites this court, as he did the trial court, to the case of *People v. Gitchuway,* 146 Cal.App.3d 432, 194 Cal. Rptr. 141 (Ct.App.1983).[2] Appellant relies on this case for the proposition that not only was the complaint against him defective, it did not comply with the Constitution of the State of California. Initially, we recognize that habeas corpus proceedings do not constitute a trial on the merits, rather a hearing on the Governor's Warrant. *Ex parte Scarbrough,* 604 S.W.2d 170 (Tex.Crim.App.1980). Once the Governor's Warrant is introduced and it is regular on its face, the State has made a prima facie case authorizing extradition. *Ex parte Mackerman,* 376 S.W.2d 350 (Tex. Crim.App.1964). Further, whether pleadings filed by a demanding state are sufficient to support a criminal prosecution in that demanding state is not an issue in our courts but one for the courts of the demanding state to decide. *See Ex parte Nelson,* 594 S.W.2d 67 (Tex.Crim.App. 1979); *Ex parte Schmidt,* 500 S.W.2d 144 (Tex.Crim.App.1973); *Ex parte Preston,* 434 S.W.2d 136 (Tex.Crim.App.1968). Appellant's contention is overruled.

■ Appellant's third assignment of error relates to his attempt to raise an alibi defense to the crimes charged in California.

---

1. Article 3731a was deemed to be repealed as it relates to civil actions by order of the Texas Supreme Court dated November 23, 1982, effective September 1, 1983. Appellant's objection should have been premised on TEX.R.EVID. 902(1).

2. We note that prior to submission of this cause but after the appellant's brief was tendered, the California Reporter of Decisions was ordered not to publish the opinion of this cause. Pursuant to TEX.R.CRIM.APP.P. 308, we may not consider the opinion tendered by counsel in determining the issues in the instant appeal.

The generally recognized rule in Texas, as found in *Ex parte Martinez*, 530 S.W.2d 578 (Tex.Crim.App.1975), is that alibi testimony of the accused, standing alone, will not support the granting of a writ of habeas corpus and is not sufficient to overcome a prima facie case made by the introduction of the Governor's Warrant. The exception to this rule is found in *Ex parte Meador*, 597 S.W.2d 372, 373 (Tex.Crim.App.1980). Generally, that case stands for the proposition that when an accused challenges the *identity* of the person named in the warrant, that is, he is not the person named in the warrant, then the burden of proof shifts to the State to show that the person taken into custody and held for extradition is the identical person named in the warrant. *Id.* at 373. Appellant's reliance on this exception is misplaced. In the instant case, appellant attempted to prove an alibi defense, whereas in *Meador*, the appellant specifically put identity into issue. We do not agree with appellant's contention that he has destroyed the presumption of regularity raised by the Governor's Warrant. The State called as a witness the complainant's stepfather who had come from California to testify. He identified appellant as the person who lived at his house in California during the time in question. The trial judge is the sole trier of fact and it is clear that the trial judge simply chose not to believe the appellant and his alibi witnesses. This contention is overruled.

■ In his last contention, appellant argues that this court must test the legal validity of the complaint against the appellant not on the affidavits and extradition packet, but based on California law. Appellant relies on the *Gitchuway*[3] opinion for the proposition that the indictment is not correct and TEX.CODE CRIM.PROC. ANN. art. 51.04, § 5 (Vernon 1979), which requires proof that the alleged act committed is a violation of the law in the demanding state. In response to this contention, the State argues, and correctly so, that the variance between the extradition packet and California law is an affirmative defense which by its nature has been ruled to be for the courts of the demanding state to determine. *See Ex parte Leach*, 478 S.W.2d 471 (Tex.Crim.App.1972). In addition, it is the position of Texas courts that they will not look behind the Governor's Warrant to the demanding state's cases or its statutes, so long as the warrant is valid on its face. *See Ex parte Ellis*, 589 S.W.2d 128 (Tex.Crim.App.1979); *Ex parte McCarthy*, 472 S.W.2d 759 (Tex.Crim.App.1971). Unless the accusation against the appellant is clearly void, the question of its validity is for the demanding state. *See Ex parte Bowman*, 480 S.W.2d 675 (Tex.Crim.App. 1972). We overrule appellant's final contention as being without merit.

The order remanding the appellant to the custody of the Bexar County Sheriff for extradition to the State of California is affirmed.