John C. WRIGHT, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–86–00260–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 30, 1986.

Allen Cazier, Barbour & Cazier, San Antonio, for appellant.

Sam D. Millsap, Jr., Bruce Baxter, Charles Estee, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

## OPINION

BUTTS, Justice.

This is an appeal[1] from an order denying petitioner's requested relief by writ of habeas corpus in an extradition proceeding. TEX.CODE CRIM.PROC.ANN. art. 44.34 (Vernon Supp.1986) and art. 51.13, § 10 (Vernon 1979).

The Bexar County Sheriff arrested petitioner on a Governor's Warrant; the trial court conducted a hearing on April 18, 1986. The State introduced the Governor's Warrant together with requisition papers and other documents from the State of Massachusetts. Petitioner introduced no evidence.

Petitioner challenges the denial of his requested relief by habeas corpus and says it cannot be ascertained with any degree of certainty that the charges against him in the demanding state constitute a felony and that the Warrant and supporting documents are insufficient to make out a *prima facie* case for extradition.

The executive warrant of the asylum state is *prima facie* evidence that the constitutional and statutory requirements have been met. *Michigan v. Doran*, 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978); *Ex parte Kronhaus*, 410 S.W.2d 442, 443 (Tex.Crim.App.1967); TEX. CODE CRIM.PROC.ANN. art. 51.13, § 7, *supra.*

The facts which may be presumed are: the governor acted on a proper, legal, and sufficient requisition by the executive authority of the demanding state, *Ex parte*

---

1. TEX. CODE CRIM.PROC.ANN. art. 44.08(c) (Vernon Supp.1986), in effect at the time of the hearing, refers to "other appealable order." Therefore, in habeas corpus actions appeal may be taken from the signed order denying relief. *See also,* TEX. CODE CRIM.PROC.ANN. art. 44.-34 (Vernon Supp.1986) which refers to appeal in habeas corpus actions from the "judgment rendered." In the present case the petitioner gave written premature notice of appeal on May 19, 1986, and the *nunc pro tunc* judgment was signed on June 11, 1986. We believe the reasoning of TEX.R.APP.PROC. 58(a), which became effective September 1, 1986, applies here to validate the premature notice of appeal. *See Panelli v. State,* 685 S.W.2d 400 (Tex.App.—San Antonio 1985), *aff'd,* 709 S.W.2d 655 (Tex.Crim. App.1986).

*Gillespie,* 136 Tex.Cr.R. 203, 124 S.W.2d 151, 153 (Tex.Crim.App.1939); the accused was charged with an extraditable offense under the laws of the demanding state, *Ex parte Watkins,* 159 Tex.Cr.R. 14, 259 S.W.2d 215, 216 (Tex.Crim.App.1953); the accused was in the demanding state at the time of the offense, *Ex parte Trisler,* 605 S.W.2d 619, 620 (Tex.Crim.App.1980); the accused is a fugitive from the justice of that state, *Ex parte Cuttrell,* 162 Tex. Cr.R. 639, 288 S.W.2d 773, 774 (Tex.Crim. App.1956); and the accused is legally held in custody for extradition to the demanding state, *Ex parte Hoover,* 164 Tex.Cr.R. 251, 298 S.W.2d 579, 581 (Tex.Crim.App.1957).

█ The scope of inquiry at the habeas corpus proceeding is limited to the following questions: (1) whether the extradition documents on their face are in order, (2) whether the petitioner has been charged with a crime in the demanding state, (3) whether the petitioner is the person named in the request for extradition, and (4) whether the petitioner is a fugitive. *Michigan v. Doran,* 439 U.S. at 289, 99 S.Ct. at 935.

We have examined the documents and find they meet the requirements of the inquiry. No controverting evidence was presented. Further, the specific challenge that the state failed to prove a felony had been charged in the demanding state is without basis since a certified document citing the Massachusetts law, stating a felony was charged against the petitioner, and setting out the possible punishment by imprisonment for a term of five years, was introduced into evidence.

The grounds of error are overruled. The judgment is affirmed.