**Opinion filed October 6, 2011**



## In The

# Eleventh Court of Appeals

_____

## No. 11-11-00163-CR

_____

## EX PARTE TERRY KYLE WALKER

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause No. CCCV-11-04711**

## O P I N I O N

Terry Kyle Walker, appellant, appeals from the trial court's order denying his application for writ of habeas corpus challenging his extradition to Colorado. We affirm.

*Background*

The record shows that the Governor of Colorado issued a requisition demand to the Governor of Texas. In the demand, the Governor of Colorado stated that appellant had been charged with the crimes of theft and fraud by check under the laws of Colorado by intentionally committing acts in Texas that resulted in a crime in Colorado. Enclosed with the demand were various documents, including an application for requisition and copies of a Colorado complaint and information, an affidavit for the issuance of an arrest warrant in Colorado, a Colorado warrant for appellant's arrest, and other documents supporting the demand. The documents

showed that appellant had been charged with two counts of theft and two counts of fraud by check in Dolores County, Colorado. All four of the charged offenses were felonies. Counts 1 and 2 of the Colorado complaint and information charged appellant with thefts of hay with a value of $20,000 or more. Counts 3 and 4 alleged that appellant had issued checks for payment of the cost of the hay while knowing that he had insufficient funds in the bank to cover the checks. The Governor of Colorado demanded that appellant be arrested, held in custody, and delivered to an agent of Colorado. Based on the requisition demand, the Governor of Texas issued an extradition warrant ordering Texas law enforcement officers to arrest appellant and to deliver him into the custody of Colorado authorities. Appellant filed his application for writ of habeas corpus challenging his extradition to Colorado. After a hearing, the trial court denied appellant's application.

*Issues on Appeal*

In three appellate issues, appellant asserts that he has not been charged with a prosecutable crime in Colorado and that, therefore, the trial court erred by denying his application for writ of habeas corpus. Appellant does not deny that theft and fraud charges are alleged against him in the Colorado complaint and information. However, in his first two issues, appellant asserts that, applying Colorado law or Texas law, the alleged offenses are not prosecutable crimes in Colorado because Colorado lacks jurisdiction over the offenses. Appellant states in his brief that he "never set foot in Colorado at any time pertinent to the charges against him." Based on this fact, appellant contends that he did not commit any act or omission in Colorado and that he did not commit any element of the alleged offenses in Colorado. Under these circumstances, appellant asserts that Colorado lacks jurisdiction over the alleged offenses. In his third issue, appellant contends that he has not been charged with a prosecutable crime in Colorado under Texas law because he purchased the hay on credit. He asserts that, under Texas law, no theft occurs when a person receives goods on credit and later pays for those goods with a check that is dishonored for insufficient funds.

*Analysis*

Extradition proceedings are governed by the Uniform Criminal Extradition Act, which is found in Article 51.13 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 51.13 (Vernon 2006). In this case, Colorado is the demanding state, and Texas is the asylum state. Section 2 of the Act imposes a mandatory duty upon the Governor to order extradition

under certain circumstances. *Id.* art. 51.13, § 2. Additionally, Section 6 of the Act gives the Governor discretion to surrender any persons whose actions in Texas, or in a third state, intentionally resulted in a crime in the demanding state. *Id.* art. 51.13, § 6; *Ex parte Harrison*, 568 S.W.2d 339, 343 (Tex. Crim. App. 1978); *Ex parte Holden*, 719 S.W.2d 678, 678-80 (Tex. App.—Dallas 1986, no pet.). Specifically, Section 6 provides as follows:

> The Governor of this State may also surrender, on demand of the Executive Authority of any other State, any person in this State charged in such other State in the manner provided in Section 3 with committing an act in this State, or in a third State, intentionally resulting in a crime in the State whose Executive Authority is making the demand, and the provisions of this Article not otherwise inconsistent, shall apply to such cases, even though the accused was not in that State at the time of the commission of the crime, and has not fled therefrom.

Article 51.13, section 6. As stated above, in this case, the Governor of Colorado stated in the requisition demand that appellant had been charged with the crimes of theft and fraud by check under the laws of Colorado by intentionally committing acts in Texas that resulted in a crime in Colorado. Accordingly, the Governor of Texas issued his extradition warrant under the discretionary authority provided by Section 6.

The only manner to test the legality of a governor's extradition warrant is through the filing of an application for writ of habeas corpus. *Ex parte Chapman*, 601 S.W.2d 380, 382-83 (Tex. Crim. App. 1980). The Supreme Court has limited the function of an asylum state in extradition proceedings. In conducting an extradition hearing, a court in the asylum state, in this case Texas, may do no more than determine whether the requisites of the Uniform Criminal Extradition Act have been met. *New Mexico ex rel. Ortiz v. Reed*, 524 U.S. 151, 153-55 (1998); *California v. Superior Court of California*, 482 U.S. 400, 408 (1987). A governor's warrant that is regular on its face is prima facie evidence that the requirements for extradition have been met. *Ex parte Lekavich*, 145 S.W.3d 699, 701 (Tex. App.—Fort Worth 2004, no pet.); *Wright v. State*, 717 S.W.2d 485, 486 (Tex. App.—San Antonio 1986, no pet.). Once the governor of an asylum state grants extradition, a court considering release on habeas corpus can consider only the following: (1) whether the extradition documents on their face are in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the person named in the request for extradition; and (4) whether the petitioner is a fugitive.

3

*Michigan v. Doran*, 439 U.S. 282, 289 (1978); *State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539, 542-43 (Tex. Crim. App. 1991); *Ex parte Lekavich*, 145 S.W.3d at 700.

The record contains the governor's warrant and the supporting papers from Colorado. The documents appear on their face to be in order. Appellant has not challenged the regularity of the documents. The governor's warrant, signed by the Governor of Texas, was based on representations by the Governor of Colorado that appellant was charged with the crimes of theft and fraud by check in Colorado and that appellant was to be found in Texas. The governor's warrant was supported by the requisition demand, the Colorado complaint and information charging appellant with the crimes, an affidavit of probable cause for the issuance of an arrest warrant in Colorado, a Colorado warrant for appellant's arrest on the subject charges, and other documents. The extradition documents show that appellant stands charged by complaint and information with two counts of theft and two counts of fraud by check in Dolores County, Colorado. After reviewing the record, we conclude that the governor's warrant is valid on its face and that the requisites of the Act have been met.

Appellant contends that the charged offenses are not prosecutable crimes. The purpose of habeas corpus review of an extradition proceeding is not to inquire into the validity of the prosecution or confinement in the demanding state; rather, the sole purpose is to test the legality of the extradition proceedings. *Ex parte Lekavich*, 145 S.W.3d at 701; *Echols v. State*, 810 S.W.2d 430, 432 (Tex. App.—Houston [14th Dist.] 1991, no pet.). Whether pleadings filed by a demanding state are sufficient to support a criminal prosecution in the demanding state is not an issue for the courts in the asylum state to decide but, instead, is an issue for the courts in the demanding state to decide. *Myer v. State*, 686 S.W.2d 735, 737 (Tex. App.—San Antonio 1985, pet. ref'd). Similarly, a petitioner's defense or his guilt or innocence is not an issue to be determined in the asylum state during extradition proceedings. *Ex parte Lekavich*, 145 S.W.3d at 701. We may not look behind the governor's warrant to the demanding state's cases and statutes if the warrant is valid on its face. *Ex parte Lekavich*, 145 S.W.3d at 701. The issue of whether appellant has been charged with prosecutable offenses in Colorado cannot be determined from the face of the governor's warrant. As such, that issue is beyond the scope of our permissible review in this case. Appellant's issues are overruled.

*This Court's Ruling*

The order of the trial court is affirmed.


TERRY McCALL

JUSTICE


October 6, 2011

Publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Kalenak, J.

5