**Opinion filed December 22, 2011**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-11-00170-CR

_____

**BRIAN CLIFFORD FOX, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause No. CCCR-11-03362**

**M E M O R A N D U M   O P I N I O N**

Brian Clifford Fox, appellant, appeals from an order denying his application for writ of habeas corpus, in which he challenged his extradition to Florida. We affirm.

In his sole issue on appeal, appellant asserts that the State failed to prove that he was the person named in the request for extradition. Appellant correctly challenged the legality of the governor's extradition warrant by filing an application for writ of habeas corpus. *See Ex parte Chapman*, 601 S.W.2d 380, 382–83 (Tex. Crim. App. 1980). When such an application is filed, a court in the asylum state must determine only whether the requisites of the Uniform Criminal Extradition Act, TEX. CODE CRIM. PROC. ANN. art. 51.13 (West 2006), have been met. *New Mexico ex rel. Ortiz v. Reed*, 524 U.S. 151, 153–55 (1998); *California v. Superior Court of Cal.*, 482 U.S. 400, 408–10 (1987). In making this determination, there are only four issues to consider: (1) whether the extradition documents on their face are in order, (2) whether the petitioner has been charged with a crime in the demanding state, (3) whether the petitioner is the

person named in the request for extradition, and (4) whether the petitioner is a fugitive. *Michigan v. Doran*, 439 U.S. 282, 289 (1978); *State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539, 542–43 (Tex. Crim. App. 1991). On appeal, appellant challenges only the third.

A governor's warrant that is regular on its face is prima facie evidence that the requirements for extradition have been met. *Ex parte Walker*, 350 S.W.3d 417, 419 (Tex. App.—Eastland 2011, pet. filed); *Ex parte Lekavich*, 145 S.W.3d 699, 701 (Tex. App.—Fort Worth 2004, no pet.); *Wright v. State*, 717 S.W.2d 485, 486 (Tex. App.—San Antonio 1986, no pet.). Once such a warrant is introduced, the burden then shifts to the petitioner to demonstrate that the governor's warrant was not legally issued, is not based on proper authority, or contains inadequate recitals. *Ex parte Cain*, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980).

In this case, the governor's warrant, signed by the Governor of Texas, and the supporting documents from the Governor of Florida were admitted into evidence at the hearing. These documents have been included in the appellate record. Upon review, they appear to be regular on their face. Moreover, appellant does not argue that the documents are not regular on their face. Upon the admission of these documents at the hearing, the burden shifted to appellant to place identity into issue. Appellant did not offer any evidence or present any argument at the hearing that would indicate he was not the person named in the request for extradition. To the contrary, appellant's attorney stated at the hearing that appellant had lived in Florida and used a credit card but that he had moved back to Texas prior to being charged with a crime and, therefore, was not a "fugitive." Appellant did not meet his burden of placing identity into issue. *See Ex parte Meador*, 597 S.W.2d 372 (Tex. Crim. App. 1980). We hold that, by offering the governor's warrant and the related documents that were regular on their face, the State presented prima facie evidence that the requirements for extradition had been met. Appellant's sole issue is overruled.

The order of the trial court is affirmed.

PER CURIAM

December 22, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.