Opinion filed December 22,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00170-CR 

                                                    __________

 

                                BRIAN
CLIFFORD FOX, Appellant

                                                             V.

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 220th District Court

                                                        Comanche
County, Texas

                                            Trial Court
Cause No. CCCR-11-03362

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Brian
Clifford Fox, appellant, appeals from an order denying his application for writ
of habeas corpus, in which he challenged his extradition to Florida.  We
affirm.  

            In
his sole issue on appeal, appellant asserts that the State failed to prove that
he was the person named in the request for extradition.  Appellant correctly
challenged the legality of the governor’s extradition warrant by filing an
application for writ of habeas corpus.  See Ex parte Chapman, 601 S.W.2d
380, 382–83 (Tex. Crim. App. 1980).  When such an application is filed, a court
in the asylum state must determine only whether the requisites of the Uniform
Criminal Extradition Act, Tex. Code
Crim. Proc. Ann. art. 51.13 (West 2006), have been met.  New Mexico
ex rel. Ortiz v. Reed, 524 U.S. 151, 153–55 (1998); California v.
Superior Court of Cal., 482 U.S. 400, 408–10 (1987).  In making this
determination, there are only four issues to consider:  (1) whether the
extradition documents on their face are in order, (2) whether the petitioner
has been charged with a crime in the demanding state, (3) whether the
petitioner is the person named in the request for extradition, and (4) whether
the petitioner is a fugitive.  Michigan v. Doran, 439 U.S. 282, 289
(1978); State ex rel. Holmes v. Klevenhagen, 819 S.W.2d 539, 542–43
(Tex. Crim. App. 1991).  On appeal, appellant challenges only the third.

A
governor’s warrant that is regular on its face is prima facie evidence that the
requirements for extradition have been met.  Ex parte Walker, 350 S.W.3d
417, 419 (Tex. App.—Eastland 2011, pet. filed); Ex parte Lekavich, 145
S.W.3d 699, 701 (Tex. App.—Fort Worth 2004, no pet.); Wright v. State,
717 S.W.2d 485, 486 (Tex. App.—San Antonio 1986, no pet.).  Once such a warrant
is introduced, the burden then shifts to the petitioner to demonstrate that the
governor’s warrant was not legally issued, is not based on proper authority, or
contains inadequate recitals.  Ex parte Cain, 592 S.W.2d 359, 362 (Tex.
Crim. App. 1980).  

In
this case, the governor’s warrant, signed by the Governor of Texas, and the
supporting documents from the Governor of Florida were admitted into evidence
at the hearing.  These documents have been included in the appellate record. 
Upon review, they appear to be regular on their face.  Moreover, appellant does
not argue that the documents are not regular on their face.  Upon the admission
of these documents at the hearing, the burden shifted to appellant to place
identity into issue.  Appellant did not offer any evidence or present any
argument at the hearing that would indicate he was not the person named in the
request for extradition.  To the contrary, appellant’s attorney stated at the
hearing that appellant had lived in Florida and used a credit card but that he
had moved back to Texas prior to being charged with a crime and, therefore, was
not a “fugitive.”  Appellant did not meet his burden of placing identity into
issue.  See Ex parte Meador, 597 S.W.2d 372 (Tex. Crim. App. 1980).  We
hold that, by offering the governor’s warrant and the related documents that
were regular on their face, the State presented prima facie evidence that the
requirements for extradition had been met.  Appellant’s sole issue is
overruled.  

The
order of the trial court is affirmed.  

 

                                                                                                PER
CURIAM

December 22,
2011                                                                 

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.