PD-0936-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/13/2015 4:20:01 PM
Accepted 8/14/2015 9:59:28 AM
ABEL ACOSTA
CLERK

NO. 04-15-00093-CR

IN THE COURT OF APPEALS

OF THE STATE OF TEXAS

FOURTEENTH COURT OF APPEALS DISTRICT

SAN ANTONIO, TEXAS

_____

EX PARTE:

GREG SAUL

_____

FOURTH COURT OF APPEALS DISTRICT, SAN ANTONIO, TEXAS

CAUSE NUMBER 04-15-00093-CR

_____

MOTION TO STAY MANDATE PURSUANT TO

RULE 31.4 (1), TEXAS RULES OF APPELLATE PROCEDURE

_____

Edward F. Shaughnessy, III
Attorney-at-Law
206 E. Locust
San Antonio, Texas 78212
(210) 212-6700
(210) 212-2178 (fax)
SBN 18134500
Shaughnessy727@gmail.com

FILED IN
COURT OF CRIMINAL APPEALS

August 14, 2015

ABEL ACOSTA, CLERK

No. 04-15-00093-CR

|            |   |                 |
|------------|---|-----------------|
|            | § | IN THE COURT OF |
| EX PARTE:  | § | APPEALS, FOURTH |
| GREG SAUL, | § | COURT OF APPEALS |
| Appellant  | § | SAN ANTONIO, TEXAS |

APPELLANT'S MOTION TO STAY MANDATE
PURSUANT TO RULE 31.4 (1), TEXAS RULES
OF APPELLATE PROCEDURE

TO THE HONORABLE FOURTH COURT OF APPELAS:

Now comes, Greg Saul, appellant in the instant case, by and through the undersigned Edward F. Shaughnessy, III, attorney at law, and files this the Appellant's Motion to Stay Mandate Pursuant to Rule 31.4 (1), Texas Rules of Appellate Procedure. In filing the instant motion the appellant is seeking to have this Court stay the execution of the mandate in the instant matter and forward the attached Appellant's Petition for Discretionary Review to the Court of Criminal Appeals in Austin, Texas. In support of the instant motion to stay the appellant would show unto the court the following:

A

The instant case involves the appeal of a trial Court's order granting the extradition of the appellant to the State of Oklahoma.

B

On July 1, 2015, this Court entered an opinion affirming the judgment of the 218th District Court of Wilson County, Texas thereby sanctioning the appellant's extradition to the State of Oklahoma.

C

The appellant is seeking to have the holding of this Court reviewed by the Court of Criminal Appeals by means of a Petition For Discretionary Review. In order to perfect that filing, the Rules of Appellate Procedure mandate that the appellant petition this Court for a stay of the mandate, with the Petition For Discretionary Review attached thereto as an appendix. The appellant's Petition For Discretionary Review has been compiled and is attached to the instant motion as an appendix.

CONCLUSION AND PRAYER

Wherefore premises considered the appellant would respectfully request that this Court stay the mandate in the instant cause and forward the Appellant's Petition For Discretionary Review to the Clerk of the Court of Criminal Appeals for disposition thereof.

Respectfully submitted,

_____/s/_____
Edward F. Shaughnessy, III
Attorney at Law
206 E. Locust
San Antonio, Texas 78212
(210) 212-6700
SBN 18134500
Shaughnessy727@gmail.com

CERTIFICATE OF SERVICE

I, Edward F. Shaughnessy, III, hereby certify that a true and correct copy of the instant pleading was served upon Marc Ledet, Assistant District Attorney for the 218th Judicial District, attorney for the appellee, by use of the U.S. Mail on this the 15th day of July, 2015.

_____/s/_____
Edward F. Shaughnessy, III

APPENDIX

NO. PD-_____

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

AUSTIN, TEXAS

_____

EX PARTE:

GREG SAUL

_____

PETITION FOR DISCRETIONARY REVIEW FROM THE COURT OF APPEALS

FOURTH COURT OF APPEALS DISTRICT, SAN ANTONIO, TEXAS

CAUSE NUMBER 04-15-00093-CR

_____

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

_____

EDWARD F. SHAUGHNESSY III
Attorney-at-Law
206 E. Locust
San Antonio, Texas 78212
(210) 212-6700
(210) 212-2178 (fax)
SBN 18134500
Shaughnessy727@gmail.com

Attorney for the Appellant

# TABLE OF CONTENTS

PAGE(S)

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW..........................................iii

TABLE OF AUTHORITIES.........................................................................iv

STATEMENT REGARDING ORAL ARGUMENT.............................................v

TABLE OF INTERESTED PARTIES.........................................................vi

AUTHORITIES IN SUPPORT OF APPELLANT'S PETITION
FOR DICRETIONARY REVIEW..................................................................6

NATURE OF THE CASE............................................................................6

PROCEDURAL HISTORY OF THE CASE....................................................7

REASON FOR REVIEW..............................................................................8

GROUND FOR REVIEW.............................................................................9

ARGUMENT AND AUTHORITIES IN SUPPORT
OF THE GROUND FOR REVIEW...............................................................11

CONCLUSION AND PRAYER.....................................................................14

CERTIFICATE OF SERVICE......................................................................15

APPENDIX .................................................................................................16

NO. PD-_____

|  | § | IN THE COURT OF |
|---|---|---|
|  | § |  |
| EX PARTE: GREG SAUL, | § | CRIMINAL APPEALS |
| Appellant | § |  |
|  | § | AUSTIN, TEXAS |

_____

PETITION FOR DISCRETIONARY REVIEW OF CAUSE NUMBER
04-15-00093-CR IN THE COURT OF APPEALS FOR
THE FOURTH COURT OF APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS
_____

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

Now comes, Edward F. Shaughnessy, III, Attorney-at-Law, on behalf of the appellant, Greg Saul, and prays that a Petition for Discretionary Review be granted to the appellant in the above styled and numbered cause. The arguments in support of that request are provided hereinafter and are incorporated by reference.

EDWARD F. SHAUGHNESSY III
Attorney-at-Law
206 E. Locust
San Antonio, Texas 78212
(210) 212-6700
(210) 212-2178 (fax)
SBN 18134500
Shaughnessy727@gmail.com
Attorney for the Appellant

iii

# TABLE OF AUTHORITIES

STATE CASES

*Ex Parte Meador, 597 S.W.2d 372 (Tex. Crim. App. 1974)*................................................11

*Ex Parte Parker, 515 S.W.2d 926 (Tex. Crim. App. 1974)*..................................................11

*Ex Parte Shoels, 643 S.W.2d 761 (Tex. App.-San Antonio, 1982)*.....................................11

*Hobbs v. State, 801 S.W.2d 198 (Tex. App.-Houston [14th Dist.], 1990)*..........................11


RULES

Rule 66.3 (c), Tex. Rule App. Proc..................................................................................8

## STATEMENT REGARDING ORAL ARGUMENT

Counsel for the appellant would submit that in the event that this petition is granted, oral argument would be warranted inasmuch as the issue to be resolved by this Court is novel and worthy of oral argument on the issue presented.

# TABLE OF INTERESTED PARTIES

Hon. Russell Wilson..........................................................Trial Court Judge
218th District Court
Floresville Texas

Stephen C. Barrera............................................................Applicant's Trial Counsel
Attorney at Law
1433 3rd Street
Floresville, Texas, 78114

Audrey Louis.....................................................................State's Trial Counsel
District Attorney's Office
1327 3rd Street
Floresville, Texas 78114

Marc Ledet........................................................................Appellee's Counsel
District Attorney's Office
1327 3rd Street
Floresville, Texas 78114

Edward F. Shaughnessy, III...............................................Appellant's Counsel
Attorney at Law
206 E. Locust
San Antonio, Texas 78212

EX PARTE: GREG SAUL,           §                    IN THE COURT OF

Appellant                   §                    CRIMINAL APPEALS

                               §                    AUSTIN, TEXAS

## ARGUMENTS AND AUTHORITIES IN SUPPORT
## OF THE APPELLANT'S PETITION FOR DISCRETIONARYREVIEW
## OF CAUSE NUMBER 04-15-00093-CR

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

NOW COMES, Greg Saul, applicant in the trial Court and appellant in the lower Court, by and through, Edward F. Shaughnessy, III, attorney at law, and offers the following arguments and authorities in support of his request that this Court grant his request for a Petition for Discretionary Review in the instant case.

## NATURE OF THE CASE

The appellant, Greg Saul, was arrested by law enforcement authorities pursuant to a warrant, arising out of the State of Oklahoma. Saul subsequently filed a Writ of Habeas Corpus to contest the validity of the warrant from the State of Oklahoma in Cause No. 15-01-002-HCW. On February 13, 2015 the 81st/218th District Court conducted an evidentiary hearing pursuant to the Writ of Habeas Corpus filed by Saul. At the conclusion of the hearing the trial Court denied the relief requested by Saul and entered a written order authorizing the extradition of the applicant to the State of Oklahoma. Notice of appeal was subsequently filed in the trial Court and an appeal to the Court of Appeals for the Fourth Court of Appeals District was pursued. That court

6

affirmed the order of the trial court in an unpublished memorandum opinion, authored by Justice Chapa, on July 1, 2015.

## PROCEDURAL HISTORY OF THE CASE IN THE LOWER COURT

On July 1, 2015, the San Antonio Court of Appeals, in an unpublished opinion, authored by Justice Chapa, affirmed the judgment of the trial court in all respects. *Ex Parte Greg Saul (No.04-15-00093-CR, Tex. App.-San Antonio, July 1, 2015)* (Appendix A) The instant petition has been filed in the Fourth Court of Appeals along with a request for a stay of mandate pursuant to Rule 31.4(a), Tex. R. App. Proc.  At the time this document is being compiled, the appellant's request for a stay of the mandate has yet to be presented to the Fourth Court of Appeals; hence there has been no ruling by that Court on that request. The appellant would submit that there exists one ground for review that warrants review by this Court.  It is urged by the appellant that there exist, at a minimum, two distinct reasons for reviewing the action of the Court of Appeals for the Fourth Court of Appeals District.

REASON FOR REVIEW


The appellant respectfully petitions this Honorable Court to grant this Petition for Discretionary Review pursuant to *Rule 66.3 (c), Tex. R. App. Proc.* which states that one of the non-exclusive reasons for this Court to grant a petition for discretionary review is that the Court of Appeals has decided an important question of state law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals. The appellant would respectfully submit that the opinion of the Fourth Court of Appeals is in conflict with the applicable decisions of this Court.

GROUND FOR REVIEW

THE COURT OF APPEALS ERRED IN HOLDING THAT
THE EVIDENCE PRESENTED AT THE HEARING ON
THE APPELLANT'S WRIT OF HABEAS CORPUS
WAS SUFFICIENT TO DEMONSTRATE THAT THE
APPELLANT WAS THE INDIVIDUAL NAMED IN THE
GOVERNOR'S WARRANT

APPLICABLE FACTS

As noted previously the appellant filed a writ of habeas corpus challenging the validity of the request of the demanding State of Oklahoma to extradite him to that state. Included in that challenge, was a sworn assertion by the appellant that he was not the person named in the requisition issued by the demanding State of Oklahoma. (C.R.-6)

In response to the allegation in the appellant's writ of habeas corpus, which asserted that he was not the individual named in the Governor's Warrant, the State of Texas produced and the trial Court admitted into evidence, State's Exhibit No. 1. (R.R.2-8) In addition, the State brought forth the testimony of three witnesses to counter the appellant's contention that he was not the individual named in the Governor's warrant.

Sandra Ruiz testified that she was a latent fingerprint examiner for the San Antonio Police Department and had, as part of her duties, taken fingerprints of the applicant on the day of the hearing. Ruiz also was able to relate that she had compared the applicant's known fingerprints to a another document contained within the Governor's warrant and had concluded that the fingerprints were that of the applicant.

9

(R.R.2-14, 15) The identifying documents contained within the Governor's Warrant consist of photographs taken in the Wilson County jail on the day of his arrest on December 27, 2014 along with the fingerprints obtained on that same date. The documents authorities in Cleveland County, Oklahoma indicating that a given individual has been arrested and is confined in the Wilson County Jail.

Thomas Silva of the Wilson County Sheriff's Department testified that he had the occasion to arrest the applicant on the out-of-state warrant at which time the applicant identified himself as Gregory Saul. (R.R. 2-20)

The State was allowed to reopen after initially resting on the evidentiary portion of the hearing. Upon re-opening the State re-called Deputy Silva and through his testimony introduced a video recording of the applicant taken at the time of his arrest at which time he informed Silva of his name (Gregory Saul Sr.) and date of birth (3/13/47). (R.R.3-8)

The final testimony on the issue of identity came through the testimony of Israel Briones a fingerprint expert with the Special Prosecution Unit. (R.R.3-8) According to Briones, the fingerprints of the applicant were found on a document forwarded from the demanding State of Oklahoma. That document purported to contain certain identifiers regarding the applicant. (R.R.3-14, 15)

Following the close of the testimony the trial Court entered a written order in which he denied the appellant the relief requested in the writ of habeas corpus and ordered that he be returned to the demanding state of Oklahoma. (C.R.-14)

An appeal was pursued, in a timely fashion, to the Fourth Court of Appeals in which a single point of error was raised by the applicant/appellant. The point of error

being that the State of Texas had failed to demonstrate that the applicant was the individual named in the Governor's Warrant.

The opinion of the court below rejected the argument presented by the applicant/appellant regarding the sufficiency of the evidence on the issue of the identity of the individual named in the Governor's warrant. The Court reasoned as follows:

> The State's undisputed evidence was sufficient to establish that the photograph and fingerprints in Exhibit 6 belong to the person who is the subject of demand for extradition and the Governor's warrant. The State further established that the fingerprints in Exhibit 6 are those of appellant. That, together with the evidence that the appellant identified himself as being Gregory Allan Saul Sr. and having the same birth date as the person named in the named in the warrant, is sufficient to support the trial court's finding that the ppellant is the individual sought by the State of Oklahoma. Accordingly, the trial court did not err in denying habeas relief, and we affirm the trial court's order.
> *Ex Parte Saul, slip op. pg. 3 (Appendix)*

ARGUMENT AND AUTHORITIES
IN SUPPORT OF THE GROUND
FOR REVIEW

This Court has consistently held that, in a extradition matter, such as the case at hand, that if the applicant "places his identity in issue" through a sworn denial in a writ of habeas corpus, that he is the individual named in the Governor's warrant, then the burden shifts to the State to bring forth sufficient proof that the applicant is the identical person named in the Governor's warrant. *Ex Parte Meador, 597 S.W.2d 372 (Tex. Crim. App. 1974); Ex Parte Parker, 515 S.W.2d 926 (Tex. Crim. App. 1974).* This rule of law has been consistently adhered to by the intermediate appellate courts of this State. See

11

generally: *Hobbs v. State, 801 S.W.2d 198 (Tex. App.-Houston [14th Dist.], 1990); Ex Parte Shoels, 643 S.W.2d 761 (Tex. App.-San Antonio, 1982).*

The applicant in the instant matter properly placed his identity in issue as noted by the trial Court and the Court below.  Hence, the State carried the burden of proving, to the satisfaction of the trial Court, that the applicant was the identical person named in the Governor's warrant.  The court below held that the State met their burden on the issue.  The appellant would submit that the conclusion of the lower Court is erroneous and in conflict with the above-cited holdings of this Court.

In reaching its conclusion the Court below relied on the State's production of State's exhibit number six, which was admitted into evidence at the hearing on the applicant's writ of habeas corpus after the State was allowed to re-open their case. That exhibit, and the testimony of Investigator Briones regarding the exhibit, does not tend to establish that the applicant is the identical person named in the Governor's Warrant. There is nothing contained in that exhibit that refers to the Governor's Warrant.  It does not reference the Governor's Warrant in any fashion.  It merely demonstrates that Gregory Alan Saul, Sr. was at one point arrested, apparently on February 2, 2012.  There is no indication that that arrest references the charges which led to the issuance of the Governor's Warrant.

With respect to the purported link between the applicant and the Governor's Warrant provided by the statement of the applicant at the time of his arrest, it is crucial to note that the applicant admitted to being an individual named Gregory Saul Sr. with a date of birth of March 13, 1947.  He did not admit to being the individual being sought by the demanding State of Oklahoma, or being the individual named in an as of yet not created Governor's Warrant.

12

The remainder of the proof brought forth by the State consisted of nothing more than authorities in the asylum State (Wilson County Sheriff's Department) notifying the authorities in the demanding State (Cleveland County District Attorney's Office) that they had in their custody someone they believed to be wanted in the demanding State and the demanding State's subsequent confirmation of that belief. That fails to demonstrate as is required by this Court's holdings, that the applicant was the identical person named in the Governor's Warrant.

Consequently, the holding of the Court below is in conflict with the applicable holdings of this Court and review should be granted.

CONCLUSION AND PRAYER

It is respectfully requested, by the appellant, that a petition for discretionary review to the Fourth Court of Appeals be granted and that the case be briefed on the merits of the appellant's ground for review with argument to follow.

Respectfully submitted,


_____/s/_____
EDWARD F. SHAUGHNESSY, III
Attorney at Law
206 E. Locust
San Antonio, Texas 78212
(210) 212-6700
(210) 212-2178 (fax)
SBN 18134500
Shaughnessy727@gmail.com


Attorney for the Appellant

CERTIFICATE OF SERVICE

I, Edward F. Shaughnessy, III., certify that a copy of the foregoing petition was mailed to Rene Pena, District Attorney, 81st/218th Judicial District, 1327 3rd Street Floresville, Texas 78026, on this the _15__ day of July, 2015.

_____/s/_____

Edward F. Shaughnessy, III

CERTIFICATE OF SERVICE

I, Edward F. Shaughnessy, III certify that a copy of the foregoing petition was mailed to Lisa McMinn, State Prosecuting Attorney, P.O. Box 78711, Austin, Texas 78711, on this the _15__ day of July, 2015.

_____/s/_____

Edward F. Shaughnessy, III.

CERTIFICATE OF COMPLIANCE

I, Edward F. Shaughnessy, III certify that the instant pleading consists of 2291 words, excluding the contents of the appendix.

_____/s/_____

15

Edward F. Shaughnessy, III

APPENDIX A



## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-15-00093-CR

**EX PARTE** Greg **SAUL**

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. 15-01-002-HCW
Honorable Russell Wilson, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Karen Angelini, Justice
                 Luz Elena D. Chapa, Justice
                 Jason Pulliam, Justice

Delivered and Filed:   July 1, 2015

AFFIRMED

Greg Saul appeals the trial court's order denying relief in Saul's application for a writ of habeas corpus challenging extradition. Saul's sole issue is that the evidence is insufficient to show that he is the individual named in the governor's warrant and the extradition request received from the State of Oklahoma.

An applicant for habeas corpus may assert he is not the person named in the request for extradition. *Wright v. State*, 717 S.W.2d 485, 487 (Tex. App.—San Antonio 1986, no pet.). Once identity is in issue, the burden shifts to the demanding state to prove the correct individual is being held for extradition. *Ex parte Smith*, 36 S.W.3d 927, 928 (Tex. App.—San Antonio 2001, no pet.). Identity need not be shown beyond a reasonable doubt in a habeas proceeding. *Ex parte Martinez*, 530 S.W.2d 578, 580-82 (Tex. Crim. App. 1975).

The trial court held a hearing on Saul's application, in which he alleged he was "not the person named in the request for extradition." The trial court admitted into evidence State's Exhibit 1, which included a warrant signed by Governor Greg Abbott reciting that Oklahoma had requested the State of Texas arrest "Gregory Alan Saul, Sr.," and deliver him to Oklahoma authorities and the request for extradition from the Governor of Oklahoma. The supporting documents in State's Exhibit 1 reflect that in February 2012, the District Attorney of Cleveland County, Oklahoma charged Gregory Alan Saul Sr. with three counts of first degree rape, two counts of second degree rape, two counts of forcible oral sodomy, willful solicitation of a minor to participate/distribute child pornography, and engaging in a pattern of criminal offenses. The documents state that Gregory Alan Saul Sr., whose date of birth is March 13, 1947, was arrested on February 20, 2012, in Cleveland County, and bond was set. State's Exhibit 1 contains an amended information, filed in Cleveland County in 2013, which added additional charges against Saul, and the affidavit of the Cleveland County District Attorney, which states Saul fled the jurisdiction.

State's Exhibit 1 also included a photograph and fingerprints of Gregory Alan Saul Sr. However, these documents were created in Wilson County, Texas, in December 2014, when Saul was arrested and refused to waive extradition. State's Exhibit 1 did not include any photograph or fingerprints created in Oklahoma. At the close of the evidence, Saul argued the evidence was insufficient to support a finding that appellant was the individual who had been charged in Oklahoma. The court recessed the proceedings without making a ruling.

The following day, the trial court granted the State's motion to reopen the evidence. The State introduced an audio recording of appellant's December 2014 arrest in Texas. On the recording, appellant states his full name is Gregory Alan Saul Sr. and that his date of birth is March 13, 1947. The State also introduced, without objection, State's Exhibit 6, a packet of documents from the Oklahoma State Bureau of Investigation, Identification Division. The packet contains

information, fingerprints, and a photograph received by that office on February 24, 2012, from the District Attorney of Cleveland County, Oklahoma. The fingerprint card is a form of the Oklahoma State Bureau of Investigation, is dated February 24, 2012, contains the name "Gregory Alan Saul, Sr." and a date of birth of March 13, 1947, and lists the charges against Saul as: three counts of first degree rape, two counts of second degree rape, two counts of forcible sodomy, solicitation of a minor for indecent exposure/obscene material, and engaging in a pattern of criminal offenses.

Israel Brionez, Jr., a fingerprint expert, testified for the State. Brionez testified that he obtained fingerprints from appellant earlier that day. Those prints were admitted as State's Exhibit 7. Brionez testified he compared the fingerprints in Exhibit 7 that he took from appellant with those taken from Gregory Alan Saul Sr. in Oklahoma in February 2012 and found on Exhibit 6. Brionez testified that the fingerprints on the two exhibits belong to the same individual.

The State's undisputed evidence was sufficient to establish that the photograph and fingerprints in Exhibit 6 belong to the person who is the subject of demand for extradition and the Governor's warrant. The State further established that the fingerprints in Exhibit 6 are those of appellant. That, together with the evidence that appellant identified himself as being Gregory Alan Saul Sr. and having the same birth date as the person named in the warrant, is sufficient to support the trial court's finding that appellant is the individual sought by the State of Oklahoma. Accordingly, the trial court did not err in denying habeas relief, and we affirm the trial court's order.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH