**Opinion filed February 14, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00019-CR

_____

## EX PARTE JOEL FERNANDO MALDONADO

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-19-001-W**

## M E M O R A N D U M   O P I N I O N

Joel Fernando Maldonado stands charged in New Mexico with the crime of criminal sexual penetration in the 2nd degree, and the governor of Texas has issued an extradition warrant. In this appeal, Maldonado attempts to challenge the district court's "Judgment of Extradition." We dismiss the appeal for want of jurisdiction.

The only authorized means in which to challenge the legality of a governor's extradition warrant is the filing of an application for writ of habeas corpus. *Ex parte Chapman*, 601 S.W.2d 380, 382–83 (Tex. Crim. App. 1980); *Ex parte Walker*, 350 S.W.3d 417, 419 (Tex. App.—Eastland 2011, pet. ref'd); *see* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 10 (West 2018). In an extradition proceeding, a trial court's

denial of an application for writ of habeas corpus would be an appealable order; however, any other gratuitous action or order that a trial court may enter with respect to extradition would not be appealable. *Chapman*, 601 S.W.2d at 383.

The documents on file in this court do not reflect that an application for writ of habeas corpus was filed or denied. Upon discussing the matter with the district clerk's office, this court issued a letter in which we indicated that it did not appear that an appealable order had been entered in this cause. In that letter, we directed Maldonado's counsel to provide this court with a response showing grounds to continue the appeal. Maldonado's counsel has filed a response in which he indicates that he has no further documentation, such as an "appealable document," to provide this court. He asserts that Maldonado is entitled to appeal his extradition to New Mexico, and he asks this court to issue an order to that effect. Because this court's jurisdiction in extradition proceedings is limited to the consideration of an appeal from the denial of relief on an application for writ of habeas corpus, we lack jurisdiction to consider this appeal and must dismiss it. *See Chapman*, 601 S.W.2d at 383.

Accordingly, we dismiss this appeal for want of jurisdiction.


PER CURIAM

February 14, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.