EX PARTE LEKAVICH

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-298-CR

EX PARTE 

BARRY LEE LEKAVICH

------------

FROM THE 158
TH
 DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

Appellant Barry Lee Lekavich appeals from the trial court’s denial of his application for writ of habeas corpus, in which he seeks to avoid extradition to Virginia.  We affirm. 

On November 2, 2001, appellant pled guilty and was convicted of misdemeanor contempt of court in Norfolk, Virginia.  He was sentenced to twelve months in jail; all but one weekend in jail was suspended, and appellant was placed on an indefinite term of unsupervised probation so long as he complied with a 1997 consent order.  Appellant violated the terms of his probation.

The judge of the Circuit Court of Norfolk signed a “Misdemeanor Order - Probation Violation Capias” on October 1, 2002.  Based on that order, Virginia sought extradition of appellant from Texas, and the Governor of Texas issued a governor’s warrant on June 2, 2003.  After a hearing, the trial court denied appellant’s application for writ of habeas corpus seeking to avoid extradition.   In several issues, appellant contends that extradition is improper because he has not been charged with a crime in Virginia and he is not guilty of any crime.  Appellant claims this matter arises from a civil child support enforcement action against him and that he has paid all arrearages.  However, the governor’s warrant states that appellant was convicted in Virginia of misdemeanor contempt of court, violated the terms of his probation, and fled to Texas.

Once the governor of an asylum state grants extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents are in order on their face, (b) whether the petitioner has been charged with a crime in the demanding state, (c) whether the petitioner is the person named in the extradition request, and (d) whether the petitioner is a fugitive. 
 Michigan v. Doran
, 439 U.S. 282, 289, 99 S. Ct. 530, 535 (1978); 
Ex parte Davis
, 873 S.W.2d 711, 712 (Tex. App.—Fort Worth 1994, no pet.).  
Interstate extradition is intended to be a summary and mandatory executive proceeding; the Constitution does not contemplate that the asylum state conduct the kind of preliminary inquiry traditionally intervening between arrest and trial. 
 Doran
, 439 U.S. at 288, 99 S. Ct. at 535.

A governor’s warrant that is regular on its face makes out a prima facie case that the requirements for extradition have been met. 
 Ex parte Martinez
, 530 S.W.2d 578, 579 (Tex. Crim. App. 1975).  Once a governor’s warrant has been admitted into evidence, it is the petitioner’s burden to demonstrate that it was not legally issued, it is not based on proper authority, or its recitals are inadequate. 
 Ex parte Cain
, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980) (op. on reh’g).  A petitioner’s defense or his guilt or innocence is not an issue to be determined in the asylum state during extradition proceedings. 
 Cal. v. Superior Court of Cal
., 482 U.S. 400, 407-08, 107 S. Ct. 2433, 2438 (1987); 
State ex rel. Holmes v. Klevenhagen
, 819 S.W.2d 539, 543 (Tex. Crim. App. 1991).  The purpose of habeas corpus review of an extradition proceeding is not to inquire into the validity of the prosecution or confinement in the demanding state; rather, the sole purpose is to test the legality of the extradition proceedings.  
Echols v. State
, 810 S.W.2d 430, 432 (Tex. App.—Houston [14th Dist.] 1991, no pet.).  

Here, appellant contends that under Virginia law, probation is not available in a civil proceeding and that a sentence cannot be suspended in a civil matter.  The statutes cited by appellant in his brief do not support his contentions. 
 See
 
Va. Code Ann
. § 16.1-129, -278.16 (Michie 1960, 2004).
(footnote: 1)  
 
Despite appellant’s contentions, the extradition papers contain a Misdemeanor Trial Order showing that appellant was 
convicted
 of the crime of misdemeanor contempt of court under section 16.1-292 of the Virginia code, which provides that any person violating an order of the juvenile court may be “proceeded against” for contempt of court under that section, and “[u]pon conviction . . . for contempt of court . . ., the court may commit and sentence [a] party to confinement in a jail . . . for a fixed or indeterminate period or until the further order of the court.  In no event, however, shall such sentence be imposed for a period of more than twelve months.”
  
Id
. § 16.1-292(B) (Michie 2000).  The papers also contain a statement from the Governor of Virginia indicating that appellant violated the terms of his probation, fled Virginia, and took refuge in Texas.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 51.13, § 3 (Vernon Supp. 2004) (providing that papers supporting extradition may be “a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has . . . broken the terms of his . . . probation”).

Section 16.1-292 of the Virginia code does not 
state whether the nature of the contempt under that section is civil or criminal, but the extradition papers 
state that appellant stands charged with the crime of “Violation of Probation-Contempt of Court.”  We may not look behind the governor’s warrant to the demanding state’s cases and statutes if the warrant is valid on its face.  
See Bentley-Guest v. State
, 837 S.W.2d 413, 415 (Tex. App.—San Antonio 1992, no pet.).  

Taking as true the facts alleged in the extradition documents introduced into evidence at trial,
(footnote: 2) appellant failed to meet his burden of showing that he has not been charged with a crime in Virginia. 
 See State v. Taylor
, 838 S.W.2d 895, 898 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).  Thus, we overrule his issues and affirm the trial court’s order.

TERRIE LIVINGSTON

JUSTICE

PANEL F:  LIVINGSTON, WALKER, and MCCOY, JJ.

PUBLISH

DELIVERED: August 24, 2004

FOOTNOTES
1:
At the hearing on appellant’s application, the trial judge took judicial notice of Virginia law.  
See
 
Tex. R. Evid.
 202. 

2:
Appellant attached several documents to his brief that he claims support his position; however, we may not consider these documents because they were not considered by the trial judge and are not a part of the appellate record.  
See Rasberry v. State
, 535 S.W.2d 871, 873 (Tex. Crim. App. 1976).