

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00174-CR

## EX PARTE JONATHON LEE JAMES,

**From the 413th District Court**
**Johnson County, Texas**
**Trial Court No. F44309**

## MEMORANDUM OPINION

On February 23, 2010, an extradition warrant was signed and issued by the Governor of Texas for Appellant Jonathan Lee James at the request of the Governor of Oklahoma, based on the revocation of James's probation in connection with his guilty plea to the Oklahoma felony of "Giving False Information." *See* TEX. CODE CRIM. PROC. ANN. art. 51.13 (Vernon 2006). The revocation was based on James's failure to pay fines and court costs.

James filed an application for writ of habeas corpus, and the trial court issued the writ, held a hearing on March 11, and orally granted relief, but the State filed a motion for reconsideration. The trial court held a hearing on the State's motion on May 6 at which the trial court vacated its previous ruling and entered an order denying habeas

relief.  Raising four issues, James appeals.  *See* TEX. R. APP. P. 31.  We will affirm.

Once the governor of an asylum state grants extradition, a court considering release on habeas corpus can do no more than decide (1) whether the extradition documents on their face are in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the person named in the request for extradition; and (4) whether the petitioner is a fugitive.  *State ex rel. Holmes v. Klevenhagen,* 819 S.W.2d 539, 542-43 (Tex. Crim. App. 1991) (orig. proceeding) (citing *Michigan v. Doran,* 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978)).  A governor's grant of extradition is prima facie evidence that constitutional and statutory requirements have been met.  *Doran,* 439 U.S. at 288, 99 S.Ct. at 534.  The purpose of habeas corpus review of an extradition proceeding is not to inquire into the validity of the prosecution or confinement in the demanding state; rather, the sole purpose is to test the legality of the extradition proceedings.  *Rentz v. State,* 833 S.W.2d 278, 279 (Tex. App.—Houston [14th Dist.] 1992, no pet.).

"An appellate court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion."  *Kniatt v. State,* 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).

In his first issue, James asserts that the trial court lacked personal jurisdiction over him and lacked subject-matter jurisdiction over the case on May 6, when the trial court heard the State's motion for reconsideration.  The only supporting authority cited by James is *Garcia v. Dial,* 596 S.W.2d 524 (Tex. Crim. App. 1980), but that case is

inapposite to the issue.

James's second issue contends that collateral estoppel and res judicata preclude the State from relitigating the issue of the validity of the same governor's warrant on which the trial court initially granted habeas relief. James cites *Ex parte Tarver*, 725 S.W.2d 195 (Tex. Crim. App. 1986), but that case is also inapposite. We agree with the State that the trial court could reconsider and vacate its earlier ruling. *See, e.g., Ex parte Packer*, No. 14-09-00493, 2009 WL 3210693, at *1 (Tex. App.—Houston [14th Dist.] Oct. 8, 2009, pet. filed) (mem. op.) (not designated for publication); *Maye v. State*, 966 S.W.2d 140, 142 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

We overrule James's first two issues.

Issue three asserts that the Governor's Warrant is fatally defective under section 3 of article 51.13 because the Oklahoma Application for Requisition was not sworn to before a magistrate. Under section 3 of article 51.13, the demanding state must provide a written allegation that the accused was present in the demanding state at the time of the commission of the alleged crime and thereafter fled from the demanding state. The written allegation must also be accompanied by the following:

- a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime,

- *or* by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon;

- *or* by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole.

TEX. CODE CRIM. PROC. ANN. art. 51.13, § 3; *see Ex parte Lekavich,* 145 S.W.3d 699, 701 (Tex. App.—Fort Worth 2004, no pet.); *Ex parte Edwards,* No. 05-03-00215-CR, 2003 WL 1788658, at *3 (Tex. App.—Dallas April 4, 2003, pet. ref'd) (not designated for publication) (stating that governor's warrant must be accompanied by one of the following: indictment; information; affidavit before magistrate and warrant issued thereon; or judgment of conviction or sentence imposed in execution of conviction).

The Governor's Warrant included a written allegation by the Governor of Oklahoma stating that James pled guilty to and was convicted of the felony offense of "Giving False Information to Avoid Arrest" and had violated the rules and conditions of probation. Attached to the Application for Requisition was James's Judgment and Sentence of August 6, 2003, in the County of Latimer, in which James was placed on probation for ten years. The Application alleged that James violated rules and conditions of probation. On July 19, 2005, the Oklahoma district court found that James had violated his rules and condition of probation and revoked his probation, sentencing James to three years' confinement, and that James had fled to Texas. A copy of an Application to Revoke Suspended Sentence (alleging that James had violated probation by failing to pay fines and court costs) and a copy of the Judgment and Sentence were attached. The Judgment and Sentence referenced James's probation rules and conditions and ordered him to pay a $500 fine on the felony conviction and to pay court costs, which were attached as an exhibit to the Judgment and Sentence. Also attached as an exhibit were James's rules and conditions of probation, which included that he "pay all fines and court costs imposed by this Court."

The Governor's Warrant met the requirements of section 3 because a copy of the judgment was attached and it was alleged in writing that James had violated his probation. The trial court did not abuse its discretion in denying habeas relief on James's contention that the Governor's Warrant failed to comply with section 3. Issue three is overruled.

Issue four alleges that the Governor's Warrant is fatally defective because it failed to charge James with a probation violation under Oklahoma law, in that an order imposing the fine in compliance with Oklahoma law was not complied with. In an extradition case, we may not look behind the Governor's Warrant to the demanding state's (Oklahoma's) cases and statutes if the warrant is valid on its face. *Lekavitch*, 145 S.W.3d at 701. Because the Governor's Warrant is valid on its face, we overrule issue four.

Having overruled all of James's issues, we affirm the trial court's order denying habeas relief. Our May 7, 2010 order staying James's extradition to Oklahoma will expire fifteen days after the date of our judgment to allow James time to seek relief under Rule of Appellate Procedure 31.4. *See* TEX. R. APP. P. 31.4.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed July 21, 2010
Do not publish
[CR25]