Opinion filed October 6,
2011

   

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00163-CR 

                                                    __________

 

                              EX
PARTE TERRY KYLE WALKER

 

 

                                   On
Appeal from the 220th District Court

 

                                                        Comanche
County, Texas

 

                                            Trial Court Cause
No. CCCV-11-04711 

 



 

                                                                  O
P I N I O N

            Terry
Kyle Walker, appellant, appeals from the trial court’s order denying his
application for writ of habeas corpus challenging his extradition to Colorado. 
We affirm.

Background

            The
record shows that the Governor of Colorado issued a requisition demand to the
Governor of Texas.  In the demand, the Governor of Colorado stated that
appellant had been charged with the crimes of theft and fraud by check under
the laws of Colorado by intentionally committing acts in Texas that resulted in
a crime in Colorado.  Enclosed with the demand were various documents, including
an application for requisition and copies of a Colorado complaint and
information, an affidavit for the issuance of an arrest warrant in Colorado, a Colorado
warrant for appellant’s arrest, and other documents supporting the demand.  The
documents showed that appellant had been charged with two counts of theft and
two counts of fraud by check in Dolores County, Colorado.  All four of the
charged offenses were felonies.  Counts 1 and 2 of the Colorado complaint and
information charged appellant with thefts of hay with a value of $20,000 or
more.  Counts 3 and 4 alleged that appellant had issued checks for payment of
the cost of the hay while knowing that he had insufficient funds in the bank to
cover the checks.  The Governor of Colorado demanded that appellant be
arrested, held in custody, and delivered to an agent of Colorado.  Based on the
requisition demand, the Governor of Texas issued an extradition warrant
ordering Texas law enforcement officers to arrest appellant and to deliver him
into the custody of Colorado authorities.  Appellant filed his application for
writ of habeas corpus challenging his extradition to Colorado.  After a
hearing, the trial court denied appellant’s application.

Issues
on Appeal

            In
three appellate issues, appellant asserts that he has not been charged with a
prosecutable crime in Colorado and that, therefore, the trial court erred by
denying his application for writ of habeas corpus.  Appellant does not deny
that theft and fraud charges are alleged against him in the Colorado complaint
and information.  However, in his first two issues, appellant asserts that,
applying Colorado law or Texas law, the alleged offenses are not prosecutable
crimes in Colorado because Colorado lacks jurisdiction over the offenses.  Appellant
states in his brief that he “never set foot in Colorado at any time pertinent
to the charges against him.”  Based on this fact, appellant contends that he
did not commit any act or omission in Colorado and that he did not commit any
element of the alleged offenses in Colorado.  Under these circumstances,
appellant asserts that Colorado lacks jurisdiction over the alleged offenses.  In
his third issue, appellant contends that he has not been charged with a prosecutable
crime in Colorado under Texas law because he purchased the hay on credit.  He
asserts that, under Texas law, no theft occurs when a person receives goods on
credit and later pays for those goods with a check that is dishonored for insufficient
funds.

Analysis

            Extradition
proceedings are governed by the Uniform Criminal Extradition Act, which is
found in Article 51.13 of the Texas Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art. 51.13
(Vernon 2006).  In this case, Colorado is the demanding state, and Texas is the
asylum state.  Section 2 of the Act imposes a mandatory duty upon the Governor
to order extradition under certain circumstances.  Id. art. 51.13, § 2. 
Additionally, Section 6 of the Act gives the Governor discretion to surrender
any persons whose actions in Texas, or in a third state, intentionally resulted
in a crime in the demanding state.  Id. art. 51.13, § 6; Ex parte
Harrison, 568 S.W.2d 339, 343 (Tex. Crim. App. 1978); Ex parte Holden,
719 S.W.2d 678, 678-80 (Tex. App.—Dallas 1986, no pet.).  Specifically, Section
6 provides as follows:

 The
Governor of this State may also surrender, on demand of the Executive Authority
of any other State, any person in this State charged in such other State in the
manner provided in Section 3 with committing an act in this State, or in a
third State, intentionally resulting in a crime in the State whose Executive
Authority is making the demand, and the provisions of this Article not otherwise
inconsistent, shall apply to such cases, even though the accused was not in
that State at the time of the commission of the crime, and has not fled
therefrom.

 

Article 51.13, section
6.  As stated above, in this case, the Governor of Colorado stated in the requisition
demand that appellant had been charged with the crimes of theft and fraud by
check under the laws of Colorado by intentionally committing acts in Texas that
resulted in a crime in Colorado.  Accordingly, the Governor of Texas issued his
extradition warrant under the discretionary authority provided by Section 6.

            The only
manner to test the legality of a governor’s extradition warrant is through the
filing of an application for writ of habeas corpus.  Ex parte Chapman,
601 S.W.2d 380, 382-83 (Tex. Crim. App. 1980).  The Supreme Court has limited
the function of an asylum state in extradition proceedings.  In conducting an
extradition hearing, a court in the asylum state, in this case Texas, may do no
more than determine whether the requisites of the Uniform Criminal Extradition
Act have been met.  New Mexico ex rel. Ortiz v. Reed, 524 U.S. 151,
153-55 (1998); California v. Superior Court of California, 482 U.S. 400,
408 (1987).  A governor’s warrant that is regular on its face is prima facie
evidence that the requirements for extradition have been met.  Ex parte
Lekavich, 145 S.W.3d 699, 701 (Tex. App.—Fort Worth 2004, no pet.); Wright
v. State, 717 S.W.2d 485, 486 (Tex. App.—San Antonio 1986, no pet.).  Once
the governor of an asylum state grants extradition, a court considering release
on habeas corpus can consider only the following: (1) whether the extradition
documents on their face are in order; (2) whether the petitioner has been
charged with a crime in the demanding state; (3) whether the petitioner is the
person named in the request for extradition; and (4) whether the petitioner is
a fugitive.  Michigan v. Doran, 439 U.S. 282, 289 (1978); State ex
rel. Holmes v. Klevenhagen, 819 S.W.2d 539, 542-43 (Tex. Crim. App. 1991); Ex
parte Lekavich, 145 S.W.3d at 700.

            The
record contains the governor’s warrant and the supporting papers from
Colorado.  The documents appear on their face to be in order.  Appellant has
not challenged the regularity of the documents.  The governor’s warrant, signed
by the Governor of Texas, was based on representations by the Governor of
Colorado that appellant was charged with the crimes of theft and fraud by check
in Colorado and that appellant was to be found in Texas.  The governor’s
warrant was supported by the requisition demand, the Colorado complaint and
information charging appellant with the crimes, an affidavit of probable cause
for the issuance of an arrest warrant in Colorado, a Colorado warrant for
appellant’s arrest on the subject charges, and other documents.  The
extradition documents show that appellant stands charged by complaint and
information with two counts of theft and two counts of fraud by check in
Dolores County, Colorado.  After reviewing the record, we conclude that the governor’s
warrant is valid on its face and that the requisites of the Act have been met.

            Appellant
contends that the charged offenses are not prosecutable crimes.  The purpose of
habeas corpus review of an extradition proceeding is not to inquire into the
validity of the prosecution or confinement in the demanding state; rather, the
sole purpose is to test the legality of the extradition proceedings.  Ex
parte Lekavich, 145 S.W.3d at 701; Echols v. State, 810 S.W.2d 430,
432 (Tex. App.—Houston [14th Dist.] 1991, no pet.).  Whether pleadings filed by
a demanding state are sufficient to support a criminal prosecution in the
demanding state is not an issue for the courts in the asylum state to decide but,
instead, is an issue for the courts in the demanding state to decide.  Myer
v. State, 686 S.W.2d 735, 737 (Tex. App.—San Antonio 1985, pet. ref’d). 
Similarly, a petitioner’s defense or his guilt or innocence is not an issue to
be determined in the asylum state during extradition proceedings.  Ex parte
Lekavich, 145 S.W.3d at 701.  We may not look behind the governor’s warrant
to the demanding state’s cases and statutes if the warrant is valid on its
face.  Ex parte Lekavich, 145 S.W.3d at 701.  The issue of whether
appellant has been charged with prosecutable offenses in Colorado cannot be
determined from the face of the governor’s warrant.  As such, that issue is
beyond the scope of our permissible review in this case.  Appellant’s issues
are overruled.

 

 

This
Court’s Ruling

            The order of the trial
court is affirmed.

 

                                                                                    

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

October 6, 2011

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.