

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00326-CR

| | | |
|---|---|---|
| Ex parte Jerome Wall | § | From the 16th District Court |
| | § | of Denton County (F-2010-1802-A) |
| | § | November 21, 2012 |
| | § | Opinion by Justice Gardner |
| | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed.  It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS


By_____
Justice Anne Gardner



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00517-CR

Ex parte Jerome Wall

§ From the 16th District Court

§ of Denton County (F-2010-1802-A)

§ November 21, 2012

§ Opinion by Justice Gardner

§ (nfp)

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's order. It is ordered that the order of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Anne Gardner



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00326-CR
## NO. 02-11-00517-CR

EX PARTE JEROME WALL

----------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction

In these two consolidated appeals, Appellant Jerome Wall challenges two trial court orders issued after he pleaded guilty to the offense of failure to identify. In cause number 02-11-00517-CR, Appellant appeals the trial court's order denying relief on his writ of habeas corpus application seeking to avoid extradition to Mississippi. *See* Tex. R. App. P. 31. We affirm this order. In

---

[1]*See* Tex. R. App. P. 47.4.

cause number 02-11-00326-CR, Appellant attempts to appeal the trial court's order recommending to the court of criminal appeals that his pro se writ application challenging his confinement and extradition be dismissed. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012). We dismiss this appeal for want of jurisdiction.

## II. Procedural and Factual Background[2]

Appellant was arrested in Denton County on May 12, 2010, for fraudulent use or possession of identifying information and failure to identify. The next day, the trial court set bail in each case. The parties agree that on or about Appellant's arrest date, Denton County employees learned that Appellant was an escapee from Mississippi, and a "no-bond hold" was placed against Appellant on the escape charge. The parties dispute the effect and meaning of the "no-bond hold." It is undisputed, however, that Appellant remained confined. The record indicates that Appellant did not attempt to post bond in his two pending Denton County cases. On August 12, 2010, a Denton County grand jury indicted Appellant on these two charges.

In October 2010, Appellant filed a pro se application for preconviction habeas corpus, asserting that he was being illegally confined on the "hold" issued on the Mississippi offense. In January 2011, Appellant filed a petition for writ of mandamus in this court, seeking to compel the trial court to act on his writ

---

[2]Throughout the opinion, we refer to "petition" and "application" interchangeably.

application.[3]  This court denied Appellant's requested mandamus relief.  *See In re Wall*, No. 02-11-00035-CV, 2011 WL 754410, at *1 (Tex. App.—Fort Worth Mar. 3, 2011, orig. proceeding) (mem. op.).

On March 2, 2011, Appellant pleaded guilty to misdemeanor failure to identify, and the trial court dismissed the remaining charge.  The trial court sentenced Appellant to 270 days' incarceration in the Denton County Jail and granted pretrial incarceration credit of 295 days.  Appellant remained in jail.[4]  On March 17, 2011, the trial court determined that probable cause existed to issue a fugitive warrant.  On March 30, 2011, the trial court appointed Appellant counsel on his fugitive-from-justice charge.  On May 11, 2011, the State of Mississippi filed a request for interstate rendition, and on May 13, 2011, Governor Rick Perry issued a Texas Governor's warrant to extradite Appellant from Texas to Mississippi.

On May 27, 2011, Appellant filed a pro se "Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07," challenging his confinement and extradition.  On July

---

[3]As discussed later in the opinion, it appears that the trial court did not consider and resolve the merits of this habeas application.

[4]The parties' arguments regarding Appellant's continued incarceration are set out later in the opinion.

4

6, 2011, the trial court recommended to the court of criminal appeals that Appellant's pro se writ application be dismissed.[5]

On May 31, 2011, Appellant's appointed counsel filed an "Original Application for Pre-Conviction Writ of Habeas Corpus," challenging the timeliness of the Texas Governor's warrant. The application alleged that

> [Appellant] was arrested and placed in the Denton County Jail on May 12, 2010, and on or about the same date [Appellant] was "committed" by a Denton County Magistrate to confinement as an alleged "fugitive from justice" pursuant to Article 51.05. No warrant from the Governor of Texas authorizing [Appellant's] arrest pursuant to Article 51.07 was executed prior to May 13, 2011, almost exactly a year later. As a result, under Texas law the Sheriff of Denton County was compelled to discharge [Appellant] from custody, insofar as his confinement was authorized by Chapter 51 of the Texas Code of Criminal Procedure, not later than August 10, 2010.
>
> [Appellant] concedes that during the course of his confinement after May 12, 2010, he remained independently confined (or subject to release on bond) as the result of two pending charges [to one of which he pleaded guilty to a lesser included offense] . . . . In this connection however, [Appellant] contends that neither his confinement to a sentence to confinement for violation [sic] of Texas law, nor the pendency of criminal charges for violation of Texas law, operated to suspend the Denton County Sheriff's compliance with Article 51.05 and 51.07 after August 10, 2010.

At the initially-scheduled July 29, 2011 extradition hearing, Appellant's appointed counsel stated that he had filed the May 31, 2011 preconviction writ application and had provided Appellant a copy. He further noted, however, that a few days earlier Appellant had discharged him from this proceeding and that a

---

[5]As discussed later in the opinion, the court of criminal appeals dismissed Appellant's writ application on September 7, 2011.

trial court clerk had left him a message stating that Appellant had asked the trial court to discharge his appointed counsel and appoint him new or standby counsel. The trial court confirmed that previously appointed counsel was discharged, appointed Appellant new counsel, and continued the hearing to a later date.

At the September 2011 extradition hearing, Appellant's newly-appointed counsel filed "Defendant's Answer to State's Warrant and Extradition and Motion for General Habeas Corpus." This document incorporated the May 31, 2011 writ application, reiterated certain facts and arguments, and prayed that the trial court "find that a 'systemic right' was violated when [Appellant] was not discharged on the 91st day of his Denton County incarceration by the Denton County Sheriff."

Also, at the extradition hearing, the State introduced the Governor's warrant and supporting documents. Appellant's counsel argued,

> [W]ithin the 90 days of the arrest back on May the 12th of [2010,] no action was taken by the State of Mississippi to initiate their extradition. They actually waited until after the State of Texas had completed its case on the failure to identify a felony case of 2010-1802-A, and then within the times after that, they started -- that is, Mississippi started its extradition process.
>
> I am also acquainted with that particular statute that is 51.13 that addresses item number 19. It says persons under criminal prosecution in the State of Texas at the time of extradition. [sic] That particular statute, way I read it, basically says that Denton County had a right to proceed with [its] case, and then upon completing the case then maybe he can start another 90 days. And, of course, the State of Mississippi with the State's Exhibit Number 1 indicates within 90 days actually they did go with their requisition from Mississippi to the Governor and Governor Perry signed his warrant.

6

So from that standpoint, it looks all right.  But our objection is within the first 90 days of the arrest, the State of Mississippi had placed a detainer, which initiated the Denton County Case, and we are arguing that that 90 days runs from the date of the arrest.  The guilty plea was entered March the 2nd, 2011, for a misdemeanor reduction of the particular case.  So for 270 days, this man has been sitting in the Denton County Jail. . . .

[Appellant] had the right to proceed on a 90-day assumption.  It's stated in the statute.  The statute is exceedingly clear, and that's the Code of Criminal Procedure, Article Number 51.07, it says expiration of 90 days from the date of commitment.  The date shall be discharged at the expiration of 90 days.  It's a very specific statute.

After both sides presented their cases, the trial court denied relief on Appellant's writ application, thereby granting extradition to the State of Mississippi.[6]

On July 28, 2011, Appellant filed a pro se notice of appeal regarding the trial court's recommendation to the court of criminal appeals that his May 2011 pro se application for writ of habeas corpus be dismissed.  On September 19, 2011, Appellant's appointed appellate counsel filed a notice of appeal regarding the trial court's judgment ordering extradition to the State of Mississippi and

_____

[6]The trial court stated in part,

[I] reviewed the Court's file in the original -- the Texas charge, and it does not appear that he ever posted bond on this matter, and so the hold from Mississippi wasn't effective.  I will find it didn't take place until he completed his sentence here in Texas.  And that's when the 90 days began to run.

I'm going to deny [Appellant's] request.  Find that he is the person named in the State of Mississippi's warrant and in their packet and in the State of Texas Governor's Warrant.

7

denial of habeas corpus. We consolidated these two appeals. Appellant's appointed attorney filed a brief, as did the State.

After these appeals were submitted, Appellant filed a pro se motion to supplement the record and a motion for leave to file an amended brief and supplement the record. The State filed a motion for leave to file an amended brief and a motion for leave to supplement the record. The State also filed a motion for leave to supplement appendix A to the State's amended brief. We have previously granted the parties' requests to file additional briefs (excluding any attached exhibits or appendices), *see* Tex. R. App. P. 38.7, but waited until issuing this opinion to address the parties' requests to supplement the appellate record.

We deny the parties' requests to supplement the appellate record, for the reasons set out below in the opinion. We have liberally construed Appellant's pro se "amended brief" as a supplemental brief, and we have considered it, along with Appellant's initial brief filed by counsel and the State's amended brief.[7]

### III. Order Denying Writ Application Seeking to Avoid Extradition

In cause number 02-11-00517-CR, Appellant appeals "the judgment of the trial court ordering extradition to the State of Mississippi and denial of habeas corpus."

---

[7]Appellant is not entitled to hybrid representation, *see Ex parte Bohannan*, 350 S.W.3d 116, 116 n.1 (Tex. Crim. App. 2011); however, due to procedural considerations in these companion appeals, we have considered Appellant's pro se brief to the extent the arguments were relevant to the resolution of the issues.

8

## A. Applicable Law

We review the trial court's decision to deny habeas corpus relief for an abuse of discretion.[8] *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1052 (2006). Appellant bears the burden to prove he is entitled to the relief he seeks by a preponderance of the evidence. *Id.*

Article IV, Section 2 of the United States Constitution establishes the basis for extradition of fugitives between states. U.S. Const. art. IV, § 2, cl. 2. The Extradition Clause is implemented by the Uniform Criminal Extradition Act, which has been adopted by Texas. *See* Tex. Code Crim. Proc. Ann. art. 51.13 (West 2006); *Ex parte Potter*, 21 S.W.3d 290, 293 n.3 (Tex. Crim. App. 2000).

Extradition proceedings are limited in scope in order to facilitate a swift and efficient transfer of custody to the demanding state.[9] *Ex parte Potter*, 21 S.W.3d at 294. Once the governor of an asylum state grants extradition, a court considering release on habeas corpus can consider only (1) whether the extradition documents on their face are in order; (2) whether appellant has been charged with a crime in the demanding state; (3) whether appellant is the same person named in the extradition request; and (4) whether appellant is a fugitive.

---

[8]Generally, the trial court's ruling should be upheld if it is supported by the record and is correct under any theory of the law applicable to the case. *Mahaffey v. State*, 316 S.W.3d 633, 637 (Tex. Crim. App. 2010).

[9]The filing of a Governor's warrant and its supporting papers constitutes a prima facie case authorizing extradition. *Ex parte Worden*, 502 S.W.2d 803, 805 (Tex. Crim. App. 1973); *Ex parte Lekavich*, 145 S.W.3d 699, 701 (Tex. App.— Fort Worth 2004, no pet.). The burden then shifts to the petitioner to show the illegality of his arrest. *Ex parte Lekavich*, 145 S.W.3d at 701.

*Id.* (citing *Michigan v. Doran*, 439 U.S. 282, 289, 99 S. Ct. 530, 535 (1978)); *Ex parte Lekavich*, 145 S.W.3d at 700.  The issuance of a valid Governor's warrant renders moot any complaint arising from confinement under a fugitive warrant, including detention in excess of the statutory period.  *Ex parte Worden*, 502 S.W.2d at 805; *see Echols v. State*, 810 S.W.2d 430, 431 (Tex. App.—Houston [14th Dist.] 1991, no pet.).[10]

## B.  Analysis

Appellant does not challenge the validity of the Governor's warrant.[11] Instead, he asserts that "[t]he trial court erred in not following the clear dictates of Texas Code of Criminal Procedure 51.05 and 51.07 as [Appellant] had been detained in excess of ninety days without the issuance of the required Governor's

---

[10]*See also*, *Ex parte Logan*, No. 05-10-01354-CR, 2011 WL 989066, at *2 (Tex. App.—Dallas Mar. 22, 2011, no pet.) (not designated for publication); *Ex parte Steadman*, No. 04-04-00188-CR, 2004 WL 1835959, at *1 (Tex. App.—San Antonio Aug. 18, 2004, no pet.) (mem. op., not designated for publication); *Ex parte Chavez*, No. 13-03-00692-CR, 2004 WL 1834459, at *1 (Tex. App.—Corpus Christi Aug. 12, 2004, no pet.) (mem. op., not designated for publication).

[11]The closest Appellant comes to raising one of the four permissible challenges is his assertion that "the State of Mississippi has never at any time claimed that [he] is charged with Escape."  However, the March 2011 sworn affidavit of the Deputy Commissioner of Institutions/MSP Superintendent of the Mississippi Department of Corrections provides that Appellant was sentenced to life without parole for the possession of a controlled substance on September 12, 1996; that on August 15, 2006, he escaped from a county correctional facility; and that he is wanted by the Mississippi Department of Corrections for the remainder of his sentence.

warrant." *See* Tex. Code Crim. Proc. Ann. arts. 51.05 (West 2006),[12] 51.07

(West 2006),[13] art. 51.13, §§ 15, 17.[14]

### 1. Mootness and Appealability of Appellant's Issues

Without discussing the holding in *Ex parte Worden*—that the issuance of a

valid Governor's warrant renders moot any complaint arising from confinement

under a fugitive warrant—Appellant suggests that this court should address his

illegal confinement allegations because the trial court failed to hold hearings on

his "numerous applications for writs of habeas corpus" filed before the

Governor's warrant was issued. In support, Appellant cites generally to articles

11.10,[15] 11.11,[16] 51.05, and 51.07. *See* Tex. Code Crim. Proc. Ann. arts. 11.10–

---

[12]Article 51.05 outlines the procedure for issuing a fugitive warrant and provides that an individual arrested pursuant to such a warrant shall not be committed or held to bail for longer than ninety days. *See* Tex. Code Crim. Proc. Ann. art. 51.05; *see also Lanz v. State*, 815 S.W.2d 252, 253 (Tex. App.—El Paso 1991, no pet.).

[13]Article 51.07 provides that a fugitive who is not arrested under a warrant from the governor of this state before the expiration of ninety days from the date of his commitment shall be discharged. *See* Tex. Code Crim. Proc. Ann. art. 51.07; *see also Lanz*, 815 S.W.2d at 253.

[14]Article 51.13 adopts the Uniform Criminal Extradition Act and sets out the procedure for returning fugitives to the requesting states. *See Ex parte Potter*, 21 S.W.3d at 294. Sections 15 and 17 of article 51.13 provide a thirty-day commitment period to obtain the Governor's warrant, which can be renewed for another sixty days. *See* Tex. Code Crim. Proc. Ann. art. 51.13, §§ 15, 17; *see also Lanz*, 815 S.W.2d at 253.

[15]Article 11.10 provides in part that "[w]hen motion has been made to a judge under [either article 11.08 or 11.09], he shall appoint a time when he will examine the cause of the applicant, and issue the writ returnable at that time, in

11

.11 (West 2005), arts. 51.05, 51.07. Citing *Ex parte Werne*, he asserts that his "liberty rights" were violated and that a constitutional harm analysis demonstrates reversible error. 118 S.W.3d 833, 837 (Tex. App.—Texarkana 2003, no pet.). A brief discussion of *Werne* is necessary.

Werne was arrested on local charges on September 2, 2002, and he satisfied his jail sentences by mid-September. *Id.* at 835. Werne remained in jail, however, on a fugitive warrant issued by the State of Mississippi. On November 12, 2002, Werne filed a writ application ("first application"). At a January 15, 2003 hearing on this application, the trial court released Werne on bond. *Id.* Meanwhile, Governor Perry issued a Governor's warrant, and Werne was rearrested. *Id.* Werne then filed a second writ application. *Id.* At the writ hearing, the trial court found that Werne had been illegally detained from December 2002 until January 2003, but concluded that the illegal detention did not taint the efficacy of the Governor's warrant. *Id.* In appealing the denial of his requested relief on the second application, Werne argued that the trial court's two-month delay in holding a hearing on his first application constituted an unconstitutional infringement on his liberty which could not be rendered acceptable by an untimely Governor's warrant. *Id.* at 836–37. The appellate

the county where the offense is charged in the indictment or information to have been committed." Tex. Code Crim. Proc. Ann. art. 11.10.

[16]Article 11.11 provides, "The time so appointed shall be the earliest day which the judge can devote to hearing the cause of the applicant." *Id.* art. 11.11.

12

court did not agree and held that the "existence of error on the First Application does not, however, resolve the issue presented in the case now before us- whether the trial court erred in denying Werne's Second Application." *Id.* at 836. The appellate court noted:

> *We will not declare that there is no instance in which such an error might be so great as to fatally corrupt a later proceeding.* In this case, however, we do not so conclude. The error was ultimately rectified, although at the cost of six unnecessary weeks in jail for Werne. That error, however, has not contaminated the present proceeding, which involves a proper Governor's warrant and arrest pursuant to that warrant.

*Id.* at 837 (emphasis added) (citation omitted). The appellate court then stated that even if it were to find it proper to fully merge these two proceedings and apply the rule controlling our review of harm resulting from constitutional error, it would not find reversible error. *Id.*

We are not persuaded to depart from *Ex parte Worden* in this case, and we hold that the issuance of the valid Governor's warrant rendered moot Appellant's complaint that he was illegally detained on a fugitive warrant in excess of ninety days without the issuance of the required Governor's warrant. To the extent there hypothetically could be circumstances when "an error might be so great as to fatally corrupt a later proceeding,"[17] that is not the situation here. In the interests of justice, however, we explain our determination that no error occurred in the instant case and that no harm analysis is necessary.

---

[17]Arguably, the italicized language above constitutes dicta. *See Ex parte Logan*, 2011 WL 989066, at *2.

## 2. Timeliness of the Governor's Warrant

The parties agree that on or about Appellant's May 12, 2010 arrest date officials placed a "no-bond hold" or a detainer on him, however, they disagree on the meaning and effect of the hold.[18] Appellant contends that the "no-bond hold" constituted or had the effect of a fugitive warrant; thus, because a Governor's warrant was not issued within ninety days of the approximate May 12, 2010 "no-bond hold," he has been illegally confined since August 10, 2010.

Citing *Lanz*, the State distinguishes a "no-bond hold" from a fugitive warrant and asserts that Denton County merely placed a "no-bond hold" against Appellant with regard to the Mississippi offense, which did not take effect (at least until March 3, 2011, when Appellant pleaded guilty and completed his sentence) because he never attempted to post bail on the local charges. *See* 815 S.W.2d at 253.

---

[18]Appellant's first request and the State's two requests to supplement the appellate record pertained primarily to the "no-bond hold" placed against Appellant on the escape charge. We deny these requests as moot because the parties rely on the documents attached to their requests to show that a "no-bond hold" was placed on Appellant after he was arrested, but the parties agree on this fact. Also, the parties have not established that it would be appropriate to supplement the appellate record with these documents. *See* Tex. R. App. P. 34.5(c)(1), 34.6(d); *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001) (holding that supplementation rules cannot be used to create a new appellate record); *see also Amador v. State*, 221 S.W.3d 666, 674–77 (Tex. Crim. App. 2007). We also deny as moot the State's request to supplement appendix A to its amended brief because the proffered document is already part of the appellate record.

Lanz was arrested in November 1990 on both a burglary charge and a fugitive warrant. The fugitive warrant was dismissed two days later and a "detainer" was placed on Lanz pending the disposition of the local charges. *Id.* Lanz filed an application for writ of habeas corpus, and evidence at the March 1991 writ hearing showed that he had not been indicted for burglary and that a Governor's warrant had not been issued. *Id.* At the time of the hearing, the sheriff's department issued another fugitive warrant based on the same underlying facts. *Id.* The trial court placed Lanz on bond for the burglary offense and denied his writ application regarding the fugitive warrant. On appeal, Lanz argued that as of the March hearing, he had been held in excess of ninety days and should have been discharged under articles 51.05, 51.07, and 51.13, sections 15 and 17 of the code of criminal procedure. Tex. Code Crim. Proc. Ann. arts. 51.05, 51.07, art. 51.13, §§ 15, 17.

In reversing the trial court, the court of appeals held that the sheriff's department had violated the relevant time restraints because "abuses might well arise if the ninety day commitment period could be renewed by the mere dismissal of a fugitive warrant and its subsequent reissuance." *Lanz*, 815 S.W.2d at 254. The appellate court also noted, however, that "it could well be another matter if the demanding state's communication is held in abeyance and a detainer is lodged notifying the local law enforcement authority of the state's request," noting testimony from a sergeant with the local sheriff's department that

a detainer is a local form placed in an inmate's file by the sheriff's department. This form serves as a reminder to the booking officers that there is an outstanding charge against an inmate in the event he is released upon the charge that is holding him in the jail. The detainer is an administrative notation of the sheriff's office and is not presented to a magistrate for judicial oversight.

*Id.* at 253.

This language in *Lanz* supports the State's argument that while the Denton County charges were pending, a "no-bond hold" was placed against Appellant, which was simply an informal reminder that there was an outstanding charge against Appellant in the event he was released on the local charges holding him in the jail.[19] Indeed, Appellant was originally incarcerated based on Denton County charges, and the record indicates that a fugitive warrant was issued on March 17, 2011, once the local charges and sentence were satisfied.[20] The March 17 fugitive warrant initiated the time constraints mandated under article 51.

Appellant asserts that his confinement on local charges did not suspend the ninety-day time requirements under articles 51.05 and 51.07, asserting that

---

[19]Appellant did not attempt to post bond on the local charges, and we do not speculate on how an attempt to do so would have affected the process.

[20]A document in the clerk's record dated March 17, 2011, contains (1) a sheriff deputy's request that a fugitive from justice warrant be issued for Appellant pursuant to articles 51.03 and 51.04 of the code of criminal procedure and (2) a magistrate's determination of probable cause to issue the warrant. *See* Tex. Code Crim. Proc. Ann. arts. 51.03, .04 (West 2006). Appellant acknowledges on appeal that he was "taken before the Judge" on March 17, 2011.

16

these two articles do not recognize an exception.  However, the record indicates that Appellant was not arrested on a fugitive warrant until March 17, 2011.  *See* Tex. Code Crim. Proc. Ann. art. 51.05 (individual *arrested pursuant to a fugitive warrant* shall not be committed or held to bail for longer than 90 days).  Appellant was not illegally detained from May 12, 2010 until March 2, 2011, because Denton County officials were detaining him on local charges.  *See Ex parte Froman*, No. 14-02-00450-CR, 2002 WL 31319456, at *3 (Tex. App.—Houston [14th Dist.] Oct. 17, 2002, no pet.) (not designated for publication) (overruling claim regarding two-and-one-half-year delay between fugitive and Governor's warrants, noting that for two of those years appellant was being held under a local charge and conviction and not on the fugitive warrant); *see also Ex parte Logan*, 2011 WL 989066, at *1–2 (holding that the issuance of a valid Governor's warrant rendered moot appellant's complaint regarding his four-year confinement under a fugitive warrant, noting that appellant had been simultaneously detained on local charges).

Appellant also asserts that from March 2, 2011 (when he pleaded guilty), until March 17, 2011 (when the fugitive warrant was issued), he was "held in the Denton County Jail without Warrant and without any charge whatsoever."  The State contends that Appellant remained incarcerated after the completion of his sentence pursuant to article 51.13, section 14, which provides,

> The arrest of a person may be lawfully made . . . without a warrant upon reasonable information that the accused stands charged in the courts of a State . . . but when so arrested the accused must be

17

taken *before a judge or magistrate with all practicable speed* and complaint must be made against him under oath setting forth the ground for the arrest . . . .

Tex. Code Crim. Proc. Ann. art. 51.13, § 14 (emphasis added). Notably, in addition to evidence that a fugitive warrant was issued on March 17, 2011, Appellant acknowledges that he was taken before the trial court that same day, which was fifteen days after the completion of his sentence on the local charge. We conclude that under the facts of this case, fifteen days was not an unreasonable amount of time for the fugitive warrant to be issued. *See id*.; *Heard v. State*, 701 S.W.2d 298, 302 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd); *see also Hill v. State*, Nos. 03-01-00232-CR, 03-01-00233-CR, 2003 WL 22508201, at *2 (Tex. App.—Austin Nov. 6, 2003, pet. ref'd) (mem. op., not designated for publication) (citing *Heard*), *cert. denied*, 544 U.S. 1060 (2005). Thus, the Governor's warrant was timely issued on May 13, 2011, fifty-seven days after the fugitive warrant was issued.[21] To the extent that it could be argued that the "no-bond hold" acted like a fugitive warrant as soon as Appellant satisfied the local charges on March 2, 2011, the Governor's warrant was still timely issued within seventy-two days. *See* Tex. Code Crim. Proc. Ann. art. 51.13, §§ 15, 17.

---

[21]Article 51.13, sections 15 and 17 provide a thirty-day commitment period to obtain the Governor's warrant, which period can be renewed for another sixty days. *See* Tex. Code Crim. Proc. Ann. art. 51.13, §§ 15, 17; *see also Lanz*, 815 S.W.2d at 253.

### 3. Preconviction Writ Application

Appellant also asserts that the trial court reversibly erred in failing to conduct a hearing on his pro se preconviction October 7, 2010 writ application, in which he complained that he was being unlawfully confined without bail on the "no-bond hold."[22] *See* Tex. Code Crim. Proc. Ann. arts. 11.10–.11.[23] The record indicates that the trial court neither issued a writ on this application nor considered and resolved its merits.[24] There is no right to appeal from the trial court's refusal to issue a writ of habeas corpus when the trial court did not consider and resolve the merits of the application. *See Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991); *Ex parte Lewis*, 196 S.W.3d 404, 405

---

[22]Appellant requested that we supplement the record with a certified receipt signed by an employee of the District Clerk's office to show that the Clerk's office received his application. Because we do not have jurisdiction over this subissue, we deny this request as moot. We note that Appellant also attached several other documents to his reply brief without specifically requesting that they become part of the appellate record. We did not consider these documents, and we deny as moot any arguable request to include them as part of the record.

[23]Generally, a district judge receiving a habeas petition "shall appoint a time when he will examine the cause of the applicant, and issue the writ returnable at that time"; "[t]he time so appointed shall be the earliest day which the judge can devote to hearing the cause of the applicant." *See* Tex. Code Crim. Proc. Ann. arts. 11.05 (West 2005), .10, .11, .15 (West 2005).

[24]While as a general rule, a district court receiving a habeas petition "shall" issue the writ (as opposed to granting relief) "without delay," a district court can properly refuse to issue the writ if "it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever." *See id.* arts. 11.05, .15. In this regard, the State argues on appeal that Appellant's pro se preconviction October 2010 habeas petition was premature because he was being lawfully held pursuant to local charges at that time.

(Tex. App.—Fort Worth 2006, no pet.).  Because the trial court did not consider and resolve the merits of Appellant's October 7, 2010 habeas corpus application,[25] this court does not have jurisdiction over this subissue; and accordingly, we dismiss this subissue summarily under *Ex parte Hargett*.  *See* 819 S.W.2d at 869.

### 4. Conclusion

Having overruled Appellant's dispositive issues, we affirm the trial court's order denying Appellant relief on his writ of habeas corpus application seeking to avoid extradition to Mississippi that was litigated at the September 16, 2011 extradition hearing.

## IV. Order Recommending Dismissal of Postconviction Writ Application

In cause number 02-11-00326-CR, Appellant filed a pro se notice of appeal regarding the trial court's recommendation to the court of criminal appeals that his May 2011 pro se postconviction application for writ of habeas corpus be dismissed.  We dismiss this appeal for want of jurisdiction.

On March 30, 2011, the trial court appointed Appellant counsel to challenge his fugitive-from-justice charge.  In April 2011, Appellant asked the trial court to dismiss his attorney and requested to proceed pro se.[26]  Shortly after the

---

[25]The same substantive complaint was raised in subsequent applications that were addressed by the trial court at the extradition hearing.

[26]Appellant had previously filed a pro se writ application in the trial court on April 5, 2011.  The Denton County Clerk did not file the application but instead sent Appellant a form letter stating, "If you were intending on filing an 11.07

20

May 13, 2011 Governor's warrant was issued, the trial court appointed Appellant new counsel. Around the same time (unbeknownst to newly-appointed counsel), Appellant filed an 11.07 writ application on the prescribed form.[27] Appellant submitted eight claims, challenging several aspects of his confinement and the extradition proceedings.[28]

In its answer, the State explained that the issues Appellant raised in his 11.07 postconviction writ application "[did] not stem from either a misdemeanor or felony conviction, but rather from his incarceration pursuant to a Governor's Warrant for extradition," and therefore, his application should be dismissed. *See*

---

Application for Writ of Habeas Corpus, it will need to be on the proper form. If you do not have access to the form we can provide you with one." Appellant then requested from the clerk "the forms necessary to properly file an Application for Writ of Habeas Corpus, in accordance with Texas Code and Criminal Procedure Article 51.13 Section 10, Uniform Criminal Extradition Act." It appears from Appellant's subsequent filing that the clerk sent him the 11.07 writ application form.

[27]The appellate rules require that an 11.07 postconviction writ application be made in the form prescribed by the court of criminal appeals. *See* Tex. R. App. P. 73.1(a).

[28]Appellant raised the following grounds: (1) "Governor's Warrant has not been issued before the 90 days allowed for issuance," (2) "It is a Fifth Amendment Violation to use Relator's Identity to link him to an Escape," (3) "Relator has been rendered Ineffective Assistance of Counsel in Extradition Proceedings," (4) "No lawful Extradition can take place, being that, Relator was released by Demanding State and did not Escape," (5) "Trial Court erred in holding that Trial Court could only rule on whether Relator is in fact the person so charged in Extradition Proceedings," (6) "Failure to afford Relator his Right to be fully heard was prejudicial," (7) "Denton County Sheriff's Department erroneously placed Hold on Relator," and (8) "Extradition papers are not in compliance with law."

21

Tex. Code Crim. Proc. Ann. art. 11.07, § 1. ("This article establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death."). The State emphasized that Appellant's appointed counsel had almost simultaneously filed a writ application, which similarly challenged Appellant's "continued confinement and extradition to the State of Mississippi."

In a signed, written order, the trial court adopted the State's proposed findings of facts and conclusions of law,[29] and recommended to the court of criminal appeals that Appellant's pro se writ application be dismissed. *See id.* art. 11.07, §§ 3, 5 (providing that the trial court makes recommendations to the court of criminal appeals, which grants or denies relief). Appellant challenged this order by filing a notice of appeal in this court. In the meantime, as required under article 11.07, the clerk of the court transmitted Appellant's application and the trial court's order to the court of criminal appeals. *See id.* art. 11.07, § 3. The court of criminal appeals dismissed Appellant's writ application without written order. *See id.* art. 11.07, § 5.

---

[29]One of the proposed conclusions of law included,

Because [Appellant's] issues raised in his application for postconviction relief do not stem from either a misdemeanor or felony conviction, but rather from his continued incarceration pursuant to a Governor's Warrant for extradition, an application for postconviction writ of habeas corpus before the Texas Court of Criminal Appeals is an improper venue for recourse, and [Appellant] should proceed on his motion for habeas relief [filed by appointed counsel] on May 31, 2011.

22

Intermediate appellate courts do not have jurisdiction in article 11.07 postconviction habeas matters. *See id.* art. 11.07, § 3 (requiring postconviction applications for writ of habeas corpus in non-death-penalty felony cases to be filed in court of original conviction and made returnable to court of criminal appeals); *Ex parte Martinez*, 175 S.W.3d 510, 512–13 (Tex. App.—Texarkana 2005, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); *see also Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011) (holding that the court of criminal appeals is the ultimate finder of fact in article 11.07 habeas cases). Thus, as a procedural matter, the trial court's order is not appealable, and we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 26.2(a)(1),[30] 43.2(f).

Even if we had jurisdiction, the trial court's order is not subject to appellate review. To the extent we must look at the substance of the order and the underlying pleadings,[31] the thrust of Appellant's argument was to challenge his extradition. The trial court was not required, however, to rule on Appellant's pro se filing to the extent it complained about the extradition because the court had already appointed counsel to represent Appellant in that matter. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) (holding that a trial court

---

[30]To perfect an appeal, a defendant in a criminal case must file a notice of appeal "within 30 days after . . . the day the trial court enters an *appealable order*." *Id.* (emphasis added).

[31]*See Ex parte Caldwell*, 58 S.W.3d 127, 130 (Tex. Crim. App. 2000) ("[I]t is the substance of the motion that governs, not the title.").

23

has no duty to rule on a pro se motion filed by an accused represented by counsel); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995) (holding that an appellant has no right to hybrid representation), *cert. denied*, 517 U.S. 1106 (1996). Indeed, the trial court did not enter a "final" reviewable order but instead simply recommended to the court of criminal appeals that the application be dismissed.[32] *See Robinson*, 240 S.W.3d at 922 (holding that a trial court's decision not to rule on a pro se motion would not be subject to review, however, if the trial court chooses to rule, this ruling is reviewable). For this additional reason, the trial court's order is not subject to review.

Moreover, as anticipated by the trial court, Appellant's relevant concerns regarding his extradition (as set out in his May 27, 2011 pro se writ application) were litigated by way of his appointed counsel's application and arguments at the extradition hearing.[33] To the extent the substance of Appellant's pro se pleading relates to his extradition proceedings, we have already thoroughly considered these issues in Appellant's companion appeal, set out above. Therefore, even if the substantive issues in Appellant's postconviction writ application were appealable, they would be moot by virtue of the trial court's ruling on the May 31,

---

[32]Indeed, the trial court instructed (via its conclusions in support of its order) that Appellant should proceed on his application for habeas relief filed by appointed counsel.

[33]In fact, the application filed by Appellant's appointed counsel contained Appellant's declaration, which stated that Appellant "read the foregoing document to be filed on [his] behalf, entitled '*Original Application for Pre-Conviction Writ of Habeas Corpus.*'"

24

2011 writ application that was litigated at the September 2011 extradition hearing.

## V. Conclusion

We affirm the trial court's order denying Appellant's writ application seeking to avoid extradition in cause number 02-11-00517-CR. We dismiss the appeal in cause number 02-11-00326-CR for want of jurisdiction. We deny the parties' pending motions, each of which is addressed in the opinion.[34]

ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 21, 2012

---

[34]We deny Appellant's motion to abate and remand these appellate cause numbers for a "full and fair hearing."